SHOOK, HARDY & BACON L.L.P.
R. Scott LaSalle (SBN: 188287)
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone: 949.475.1500
Facsimile: 949.475.0016

Attorneys for Defendant C. R. Bard, Inc.

COPY

FILED

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
2009 DEC 14 PM 1:37
BY:___

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BROUSSARD and ROBERT BROUSSARD, wife and husband,<br><br>Plaintiffs,<br><br>vs.<br><br>CALDERA MEDICAL, INC., a California corporation; C. R. BARD, INC. a New Jersey corporation; DOES ONE through FIFTEEN,<br><br>Defendants. | Case No.    **CV09-9153 DDP(EX)**<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT C. R. BARD, INC.**<br><br>[Filed Concurrently with Corporate Disclosure Statement; Certification of Interested Parties; Notice of Related Cases; and Civil Cover Sheet]<br><br>Complaint filed: May 21, 2009 |

Pursuant to 28 U.S.C. § 1446, Defendant C. R. Bard, Inc. ("Bard") files this Notice of Removal to remove this civil action from the Superior Court of the State of California, Los Angeles County, wherein it was filed as Case No. LC085621, to the United States District Court for the Central District of California, and shows unto this Honorable Court as follows:

1.      On or about May 21, 2009, Plaintiffs Debra Broussard and Robert Broussard, individuals, filed an unverified complaint ("Complaint") in the Superior Court of the State of California, Los Angeles County, in the civil action styled *Debra Broussard and Robert Broussard, wife and husband v. Caldera Medical, Inc. a*

62617V1

1   *California corporation; C.R. Bard, Inc, a New Jersey corporation; and Does One*

2   *through Fifteen*, Case No. LC085621.  True and correct copies of all process and

3   pleadings served upon Bard are attached hereto as Exhibit A and are incorporated

4   herein by reference.  Plaintiff's complaint alleges that Bard designed and

5   manufactured Avaulta® surgical mesh which was defective.  (*See* Complaint, ¶ 38).

6   As a result of its use in Debra Broussard's surgery on June 15, 2006, Plaintiffs

7   allegedly sustained injury and assert claims for products liability, negligence, breach

8   of warranty, fraud, negligent misrepresentation, violation of State Consumer Fraud &

9   Deceptive Trade Practices Act, and loss of consortium. (*See* Complaint ¶ 39 and

10   generally).  Plaintiffs seek compensatory damages, pain and suffering, lost wages, loss

11   of earning capacity, restitution, loss of consortium, and punitive damages, together

12   reasonably exceeding $75,000.  (*See* Complaint, prayer.)

13       2.    A process server served Bard's registered agent with a certified copy of

14   the referenced Complaint on May 22, 2009.

15       3.    Plaintiffs filed a dismissal of Caldera Medical, Inc. on November 23,

16   2009.  (*See* Dismissal).

17       4.    Without defendant Caldera Medical, Inc., this action could have been

18   originally filed in this Court pursuant to 28 U.S.C. §§ 1332, in that there is complete

19   diversity between Plaintiff and Bard and the amount in controversy exceeds the sum

20   or value of $75,000, exclusive of interest and costs.

21       5.    This Notice of Removal is filed within thirty (30) days after receipt by

22   Bard of Request for Dismissal of Caldera Medical, Inc. pursuant to Rule 6(a) of the

23   Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

24

25

26

27

28

NOTICE OF REMOVAL

62617v1

1

**DIVERSITY OF CITIZENSHIP**

2   6.  Complete diversity of citizenship exists between the parties. Plaintiffs

3 Debra Broussard and Robert Broussard, individuals, are citizens of, resides in, and is

4 domiciled in Louisiana. (Complaint ¶ 1).

5   7.  Bard is a New Jersey corporation with its principal place of business in

6 New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), Bard is a citizen of New Jersey.

7 Bard is not, and was not at the time of the filing, a citizen of the State of California

8 within the meaning of the Acts of Congress relating to the removal of cases., despite

9 plaintiffs' attempting to list Bard as residing at Caldera Medical, Inc.'s address in

10 Agoura Hills, California. (Complaint ¶¶ 2 and 5).

11   8.  For purposes of removal, the citizenship of defendants sued under

12 fictitious names is disregarded. 28 U.S.C. § 1441(a).

13

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

14   9.  Plaintiff states claims for products liability, negligence, breach of

15 warranty, fraud, negligent misrepresentation, violation of State Consumer Fraud &

16 Deceptive Trade Practices Act, and loss of consortium.. Plaintiffs allege that Debra

17 Broussard has suffered significant injuries through the implantation of a defective

18 surgical device and seeks to recover compensatory damages, pain and suffering, lost

19 wages, loss of earning capacity, restitution, loss of consortium, and punitive damages,

20 together reasonably exceeding $75,000. (*See* Complaint). Thus, Plaintiff's claim for

21 damages exceeds the requisite amount in controversy for purposes of diversity

22 jurisdiction under 28 U.S.C. § 1332(a).

23

**THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

24   10.  A copy of this Notice of Removal is being filed with the Clerk of the

25 Superior Court of California, Los Angeles County, as provided by law, and written

26 notice is being sent to Plaintiffs' counsel.

27

28

3

62617v1

11.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

12.    The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Central District of California, and this cause is removable to the United States District Court for the Central District of California.

13.    If any question arises as to the propriety of the removal of this action, Bard respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Bard, desiring to remove this case to the United States District Court for the Central District of California, being the district and division of said court for the county in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Dated:  December 14, 2009                    SHOOK, HARDY & BACON, LLP

By:_____
                      R. Scott LaSalle
                      Attorneys for Defendant C. R.
                      BARD, INC.

4

62617v1

**EXHIBIT A**

*1:30 pm  5/22/09*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>CALDERA MEDICAL, INC., a California corporation; C.R. BARD,<br>INC., a New Jersey corporation; DOES ONE through FIFTEEN<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>DEBRA BROUSSARD and ROBERT BROUSSARD, wife and husband | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ORIGINAL FILED**<br>**Northwest District**<br><br>MAY 21 2009<br><br>**LOS ANGELES**<br>**SUPERIOR COURT**<br><br>**"VIA FAX"** |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court, Van Nuys Courthouse East<br>6230 Sylmar Ave<br>Van Nuys, California 91401 | CASE NUMBER:<br>*(Número del Caso):*<br>**LC085621** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert F. Arentz / Lowell W. Finson
Phillips & Associates, 3030 North Third Street, Suite 1100, Phoenix, AZ 85012 / Tel: (602) 258-8900

| DATE:<br>*(Fecha)* | Clerk, by *H. Marquez* | , Deputy |
|---|---|---|
| | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

[SEAL] *JOHN A CLARKE MAY 21 2009*

3. ☒ on behalf of *(specify):* C.R. BARD, INC., a New Jersey corporation

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.  www.USCourtForms.com |

**SUMMONS**

ORIGINAL FILED
Northwest District

MAY 21 2009

LOS ANGELES
SUPERIOR COURT

1  Robert F. Arentz, SBN 114159
   Lowell W. Finson, AZ # 010872
2  PHILLIPS & ASSOCIATES
   3030 North Third Street, Suite 1100
3  Phoenix, Arizona 85012
   Tel:   (602) 258-8900
4  Fax:   (602) 288-1671
   lowellf@phillipslaw.ws
5
6  Attorneys for Plaintiffs

"VIA FAX"

7
8         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9              IN AND FOR THE COUNTY OF LOS ANGELES
10                       NORTHWEST DISTRICT

11  DEBRA BROUSSARD and ROBERT          )   CASE NO. LC085621
    BROUSSARD, wife and husband,        )
12                                      )   COMPLAINT FOR DAMAGES AND
                                        )   DEMAND FOR JURY TRIAL
13              Plaintiffs,             )
                                        )   1. Strict Products Liability-Failure to Warn
14                                      )   2. Strict Liability
         vs.                            )   3. Negligence
15                                      )   4. Breach of Implied Warranty
                                        )   5. Breach of Express Warranty
16  CALDERA MEDICAL, INC., a California )   6. Fraud
    corporation; C.R. BARD, INC., a New )   7. Fraud by Concealment
17  Jersey corporation; DOES ONE through)   8. Negligent Misrepresentation
    FIFTEEN,                            )   9. Violation of State Consumer Fraud &
18                                      )      Deceptive Trade Practices Act
                                        )   10. Loss of Consortium
19              Defendants.             )

20        Plaintiffs, for their cause of action against the Defendants, allege as follows:

21                   PARTIES, JURISDICTION AND VENUE

22        1.    DEBRA BROUSSARD and ROBERT BROUSSARD (hereinafter,

23  "Plaintiffs") are and were at all times alleged herein, wife and husband, and citizens and

24  residents of the State of Louisiana.  Use of the singular term "Plaintiff" refers to Plaintiff

25  DEBRA BROUSSARD unless the context requires otherwise.

26

1      2.      Defendant CALDERA MEDICAL, INC. (hereinafter, "CALDERA") is and

2  was a corporation formed under the laws of the State of California, with its principal

3  place of business at 28632 Roadside Drive, Suite 260, Agoura Hills, California 91301.

4      3.      At all times alleged herein, CALDERA includes and included any and all

5  parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers, and

6  organizational units of any kind, their predecessors, successors and assigns and their

7  officers, directors, employees, agents, representatives and any and all other persons acting

8  on their behalf.

9      4.      At all times alleged herein, CALDERA conducted regular and sustained

10 business in Louisiana and California, by selling and distributing its products in Louisiana

11 and California, as described below.

12     5.      Defendant C.R. BARD, INC. (hereinafter, "BARD"), at all times alleged

13 herein, is and was a corporation formed under the laws of the State of New Jersey, with

14 its principal place of business at 28632 Roadside Drive, Suite 260, Agoura Hills,

15 California 91301.

16     6.      At all times alleged herein, BARD includes and included any and all

17 parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers, and

18 organizational units of any kind, their predecessors, successors and assigns and their

19 officers, directors, employees, agents, representatives and any and all other persons acting

20 on their behalf.

21     7.      At all times alleged herein, BARD conducted regular and sustained

22 business in Louisiana and California, by selling and distributing its products in Louisiana

23 and California, as described below.  By these same activities, BARD has sufficient

24 contacts within the State of California, to subject it to the jurisdiction of this Court.

25     8.      Defendants DOES ONE through FIFTEEN are persons, agents, servants,

26 employees, corporations, partnership or other business entities whose true names are

PAGE 2
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1 unknown by Plaintiffs at the present time.  Plaintiffs allege, upon information and belief,

2 that DOES ONE through FIFTEEN are citizens and residents of the State of California, or

3 are domiciled within the State of California, or conduct regular and sustained business

4 within the State of California, to subject them to the jurisdiction of this Court.  Each of

5 these Defendants negligently assisted the named Defendants in carrying out the

6 allegations as set forth below.  Alternatively, DOES ONE through FIFTEEN were agents

7 and/or servants of one or more named defendants, were acting within the course and

8 scope of their employment and/or agency at the times alleged herein.  If and when the true

9 identifies of such persons, servants, employees, corporations, partnership or other

10 business entities are known to Plaintiffs, they will seek leave of Court to amend the

11 Complaint to reflect such true names, together with appropriate charging allegations.

12      9.     At all times alleged herein, reference to any named Defendant, or use of the

13 collective term "Defendants", includes the named Defendant and Defendants DOES ONE

14 through FIFTEEN, or all named Defendants herein and Defendants DOES ONE through

15 FIFTEEN, respectively.

16      10.     At all times alleged herein, Defendants identified herein as, or discovered to

17 be, corporations or other business entities were acting by and through officers,

18 employees, agents, and contractors, who were acting within the course and scope of said

19 office, employment, agency, or contractual authority.

20                              **FACTUAL BACKGROUND**

21      11.     CALDERA designs, researches, develops, manufactures, tests, markets,

22 advertises, promotes, distributes, and sells products that are sold to and marketed to treat,

23 among other things, pelvic organ prolapse and stress urinary incontinence.  One such

24 product, the Caldera T-Sling™ (hereinafter, "T-Sling"), is an implanted synthetic surgical

25 mesh device purported to provide support for the urethra and bladder neck to keep the

26 urethra closed and prevent urine leakage.  It is specifically promoted as an innovative,

1  minimally invasive procedure with minimal local tissue reactions, minimal tissue trauma

2  and minimal pain and a short recovery period.

3      12.    BARD designs, researches, develops, manufactures, tests, markets,

4  advertises, promotes, distributes, and sells products that are sold to and marketed to treat,

5  among other things, pelvic organ prolapse and stress urinary incontinence.  One such

6  BARD product, the Avaulta® system (hereinafter, "Avaulta"), is an implanted synthetic

7  surgical mesh device purported to correct and restore normal vaginal structure secondary

8  to pelvic organ prolapse.

9      13.    The T-Sling and Avaulta devices are collectively referred to herein as the

10  "Mesh Devices".

11     14.    Upon information and belief, prior to 2006, CALDERA sought and

12  obtained Food and Drug Administration ("FDA") approval to market the T-Sling and/or

13  its monofilament polypropylene mesh component under Section 510(k) of the Medical

14  Device Amendment.

15     15.    Upon information and belief, prior to 2006, BARD sought and obtained

16  Food and Drug Administration ("FDA") approval to market the Avaulta device and/or its

17  monofilament polypropylene mesh component under Section 510(k) of the Medical

18  Device Amendment.

19     16.    Section 510(k) allows marketing of medical devices if the device is deemed

20  substantially equivalent to other legally marketed predicate devices without formal review

21  for safety or efficacy.

22     17.    On or about June 15, 2006, Plaintiff was implanted with the T-Sling and

23  two Avaulta devices for repair of pelvic organ prolapse, rectocele, cystocele and urinary

24  incontinence, by Natchez Morice, M.D., at Teche Regional Medical Center, in Morgan

25  City, Louisiana.

26     18.    Since implantation of the Mesh Devices, Plaintiff has suffered from, among

PAGE 4
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1 other problems, erosion, shrinkage and extrusion of mesh from one or more of the Mesh
2 Devices, causing urinary retention, severe persistent pain, including dyspareunia, and
3 numerous surgical procedures to remove the Mesh Devices.

4   19.   As early as 2004 until the present, Defendants have received numerous
5 reports of adverse events filed by physicians and patients pertaining to their synthetic
6 mesh systems, and were or should have been aware of many similar reports concerning
7 substantially equivalent products by other manufacturers. The most frequent complaints
8 were erosion, extrusion, infection, hardening of the mesh, chronic pain and worsening
9 dyspareunia. Studies show the rate of mesh erosion was 13% accompanied by worsening
10 dyspareunis rates as high as 63%. Analysis of the first 100 vaginal mesh procedures
11 revealed a 17.5% erosion rate.

12   20.   The 2004 World Health Organization 3rd International Consultation on
13 Incontinence reported mesh repairs have an unacceptably high rate of complication that
14 includes erosion, extrusion, infection, sepsis, and dyspareunia. Because of the poor risk/
15 benefit ratio of the vaginal mesh systems it was recommended the synthetic mesh systems
16 not to be used until more approved clinical trials of outcome were conducted.

17   21.   At all times relevant herein, the Mesh Devices were widely advertised and
18 promoted by Defendants as a safe and effective treatment for pelvic organ prolapse,
19 rectocele, cystocele and urinary incontinence. Said Defendants, and each of them,
20 minimized the risks posed to patients with implantation of the Mesh Devices.

21   22.   At all times relevant herein, Defendants knew their Mesh Devices were
22 defective and knew the defect was attributable to the erosion, hardening and shrinkage of
23 the mesh material. The Defendants, and each of them, knew that the Mesh Devices were
24 made to allow tissue infiltration and that removal is not advised. Complications from the
25 mesh and from mesh removal are life-changing and can be irreversible. This information
26 was known to the Defendants, and each of them, prior to implantation of the Mesh

1  Devices in Plaintiff in 2006.

2      23.    At all times relevant to this action, the Defendants, and each of them, knew

3  that synthetic mesh systems, and specifically the Mesh Devices, were not safe for the

4  patients for whom they were prescribed and implanted, because the mesh eroded and

5  otherwise malfunctioned, and therefore failed to operate in a safe and continuous manner,

6  causing injuries from erosion, extrusion, infection, sepsis, chronic foreign body invasion,

7  dense adhesions and worsening dyspareunia.  Removal of eroded or infected mesh brings

8  a high rate of life-threatening complications including permanent disfigurement and

9  hemorrhage.  Complete removal can take multiple surgical interventions in the operating

10  theater and results in scarring on fragile compromised pelvic tissue and muscles

11      24.    The Defendants' representations regarding the performance of the Mesh

12  Devices, including, but not limited to, the consistency of the performance of the Mesh

13  Devices and their safety and reliability, were untrue as set forth in the published literature

14  and adverse event reports.  The Defendants, and each of them, failed to disclose to

15  physicians, patients or Plaintiffs that their Mesh Devices were subject to erosion or scar

16  tissue formation causing the injuries herein described.

17      25.    At all relevant times herein, Defendants, and each of them, continued to

18  promote the Mesh Devices as safe and effective even when no clinical trials had been

19  done supporting long or short term efficacy.

20      26.    In doing so the Defendants, and each of them, concealed the known risks

21  and failed to warn of known or scientifically knowable dangers and risks associated with

22  the Mesh Devices for pelvic organ prolapse, rectocele, cystocele and urinary

23  incontinence.

24      27.    As a result of the defective Mesh Devices, Plaintiff has suffered severe

25  physical and emotional injuries, including but not limited to, multiple surgical procedures,

26  painful scarring and worsening and continuing dyspareunia.

28.    At all relevant times herein, Defendants, and each of them, failed to provide sufficient warnings and instructions that would have put Plaintiff and the general public on notice of the dangers and adverse effects caused by implantation of the Mesh Devices including, but not limited to, mesh erosion, dense adhesions, worsening dyspareunia, chronic pain, infection, sepsis, permanent disfigurement and multiple surgeries for mesh removal.

29.    The Mesh Devices as designed, manufactured, distributed sold and/or supplied by the Defendants, and each of them, was defective as marketed due to inadequate warnings, instructions, labeling and/or inadequate testing in the presence of Defendants' knowledge of product failure and serious adverse events.

30.    At all times herein mentioned, the officers and/or directors of the Defendants named herein participated in, authorized and/or directed the production and promotion of the aforementioned products when they knew of the hazards and dangerous propensities of said products, and thereby actively participated in the tortuous conduct that resulted in the injuries suffered by Plaintiff.

31.    Due to the acts of all Defendants individually or in concert, the information regarding the nature and/or the facts leading up to and/or causing the injuries alleged herein was not known by Plaintiffs nor reasonably could have been known prior to October 20, 2008, when the FDA released a public health notification of the serious complications associated with transvaginal placement of surgical mesh devices, like the Mesh Devices at issue here, for treatment of, *inter alia*, pelvic organ prolapse, rectocele, cystocele and urinary incontinence.

## FIRST CAUSE OF ACTION
### [Strict Products Liability - Failure to Warn]

32.    Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

33.    At all times mentioned herein, the Mesh Devices are, and were, dangerous and presented a substantial danger to patients who were implanted with the Mesh Devices, and these risks and dangers were known or knowable at the time of distribution and implantation in Plaintiff in 2006.  Ordinary consumers would not have recognized the potential risks and dangers the Mesh Devices posed to pelvic reconstruction patients because their uses were specifically promoted to improve the health of such patients.  The Mesh Devices were used in a way reasonably foreseeable to the Defendants, and each of them, by Plaintiff.  The Defendants, and each of them, failed to provide warnings of such risks and dangers to Plaintiff and her medical providers as described herein.

34.    As a result of the Mesh Devices, Plaintiff suffered debilitating injuries from the synthetic mesh including mesh erosion, shrinking, hardening, chronic pain and worsening dyspareunia leading to the need for dangerous and serious vaginal surgery; required and will continue to require healthcare and services; has incurred and will continue to incur medical and related expenses; has suffered and will continue to suffer mental anguish, diminished capacity for the enjoyment of life, a diminished quality of life, chronic debilitating pain, and other such damages.

35.    In doing the acts herein described, the Defendants, and each of them, acted with oppression, fraud and malice, and Plaintiffs are therefore entitled to punitive damages to deter the Defendants, and each of them, and others from engaging in similar conduct in the future.  Said wrongful conduct was done with advance knowledge, authorization and/or ratification of an officer, director and/or managing agent of the Defendants.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

/ / /

/ / /

## SECOND CAUSE OF ACTION
### [Strict Liability]

36.     Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

37.     The Mesh Devices were manufactured and/or supplied by the Defendants, and each of them, and were placed into the stream of commerce by these Defendants, and each of them, in a defective and unreasonably dangerous condition in that the foreseeable risks exceeded the benefits associated with their design of formulation.

38.     Alternatively, the Mesh Devices manufactured and/or supplied by the Defendants, and each of them, were defective in design or formulation, inadequate warning or instruction and/or inadequate post-marketing warnings or instructions in that when they were placed into the stream of commerce, they were unreasonably dangerous; they were more dangerous than an ordinary consumer would expect and more dangerous than other forms of pelvic organ prolapse, rectocele, cystocele and urinary incontinence repair/correction.

39.     As a result of the defective unreasonably dangerous condition of the Mesh Devices manufactured and/or supplied by the Defendants, and each of them, Plaintiff was caused to suffer the herein described injuries and damages.

40.     The Defendants, and each of them, acted with conscious and deliberate disregard of the foreseeable harm caused by the Mesh Devices.

41.     The Defendants, and each of them, thereby acted with fraud, malice, oppression and a conscious disregard for the Plaintiff and general public's safety, who accordingly requests that the trier of fact, in the exercise of sound discretion, award additional damages for the sake of example and for the purpose of punishing the Defendants, and each of them, for their conduct, in an amount sufficiently large to be an example to others and deter the Defendants, and each of them, and others from engaging

1  in similar conduct in the future.  The aforesaid wrongful conduct was done with the

2  advance knowledge, authorization, and/or ratification of an officer, director, and/or

3  managing agent of the Defendants.

4        WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set

5  forth.

### THIRD CAUSE OF ACTION
#### [Negligence]

6

7        42.    Plaintiffs hereby incorporate by reference, as if fully set forth herein, each

8  and every allegation contained in the preceding paragraphs.

9        43.    The Defendants, and each of them, and their representatives were

10  manufacturers and/or distributors of the Mesh Devices.  At all times herein, the

11  Defendants, and each of them, had a duty to properly manufacture, compound, test,

12  inspect, package, label, distribute, market, examine, maintain supply, provide proper

13  warnings and prepare for use and sell the aforesaid products.

14        44.    The Defendants, and each of them, so negligently and carelessly

15  manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged,

16  labeled, distributed, recommended, displayed, sold, examined, failed to examine and

17  supplied the aforesaid products, that they were dangerous and unsafe for the use and

18  purpose for which they were intended, that is, repairing/correcting pelvic organ prolapse,

19  rectocele, cystocele and urinary incontinence, in Plaintiff and others similarly situated.

20  As a result of the carelessness and negligence of the Defendants, Plaintiff had the Mesh

21  Devices implanted in the manner intended by the manufacturer, and, as a result, Plaintiff

22  suffered the injuries and damages described herein.

23        WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set

24  forth.

25  / / /

26

---

## FOURTH CAUSE OF ACTION
### [Breach of Implied Warranty]

45.    Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

46.    The Defendants, and each of them, impliedly warranted that their Mesh Devices, which the Defendants, and each of them, designed, manufactured, assembled, promoted and sold to Plaintiff was merchantable and fit and safe for ordinary use. The Defendants, and each of them, further impliedly warranted that their Mesh Devices were fit for the particular purpose of repairing/correcting pelvic organ prolapse, rectocele, cystocele and urinary incontinence, respectively.

47.    The Defendants' Mesh Devices were defective, unmerchantable, and unfit for ordinary use when sold, and unfit for the particular purpose for which they were sold, and subjected Plaintiff to severe and permanent injuries. Therefore, the Defendants, and each of them, breached the implied warranties of merchantability and fitness for a particular purpose when their synthetic mesh systems were sold to Plaintiff, in that the Mesh Devices are defective and have failed to function as represented and intended.

48.    As a result of the Defendants', and each of them, breach of the implied warranties of merchantability and fitness for a particular purpose, Plaintiff has sustained and will continue to sustain the injuries and damages described herein and is therefore entitled to compensatory damages.

49.    After Plaintiff was made aware her injuries were a result of the Mesh Devices, said Defendants, and each of them, had ample and sufficient notice of the breach of said warranty.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

/ / /

## FIFTH CAUSE OF ACTION
### [Breach of Express Warranty]

50.     Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

51.     The Defendants, and each of them, expressly warranted to Plaintiff and/or her authorized agents or sales representatives, in publications, and other communications intended for medical patients, and the general public, that the Mesh Devices were safe, effective, fit and proper for their intended use.

52.     Plaintiff and Plaintiff's physicians reasonably relied upon the skill and judgment of the Defendants, and upon said express warranty, in using the aforesaid Mesh Devices.  The warranty and representations were untrue in that the products caused severe injury to Plaintiff and were unsafe and, therefore, unsuited for the use in which they were intended and caused Plaintiff to sustain damages and injuries herein alleged.

53.     As soon as the true nature of the Mesh Devices, and the fact that the warranty and representations were false, were ascertained, said Defendants, and each of them, had ample and sufficient notice of the breach of said warranty.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### [Fraud]

54.     Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

55.     The Defendants, and each of them, falsely and fraudulently represented to Plaintiff, her physicians, and to members of the general public that the aforesaid products were safe, effective, reliable, consistent, and better than the other similar pelvic repair procedures when used in the manner intended by the manufacturer.  The representations by said Defendants, and each of them, were in fact, false.  The true facts include, but are

1 not limited to that the aforesaid products were not safe to be used for repairing/correcting

2 pelvic organ prolapse, rectocele, cystocele and urinary incontinence, and were, in fact,

3 dangerous to the health and body of Plaintiff.

4     56.    When the Defendants, and each of them, made these representations, they

5 knew that they were false. The Defendants, and each of them, made said representations

6 with the intent to defraud and deceive Plaintiff, and with the intent to induce Plaintiff to

7 act in the manner herein alleged, that is to use the aforementioned products for

8 repairing/correcting pelvic organ prolapse, rectocele, cystocele and urinary incontinence.

9     57.    At the time the Defendants, and each of them, made the aforesaid

10 representations and Plaintiff took the actions herein alleged, Plaintiff and her physicians

11 were ignorant of the falsity of these representations and reasonably believed them to be

12 true. In reliance upon said representations, Plaintiff was induced to, and did, use the

13 aforesaid product as herein described. If Plaintiff had known the actual facts, she would

14 not have taken such action. The reliance of Plaintiff and her physicians upon the

15 Defendants' representations were justified because said representations were made by

16 individuals and entities who appeared to be in a position to know the true facts.

17     58.    As a result of the Defendants', and each of them, fraud and deceit, Plaintiff

18 was caused to sustain the herein described injuries and damages.

19     59.    In doing the acts herein alleged, the Defendants, and each of them, acted

20 with oppression, fraud, and malice, and Plaintiff is therefore entitled to punitive damages

21 to deter the Defendants, and each of them, and others from engaging in similar conduct in

22 the future. Said wrongful conduct was done with advance knowledge, authorization

23 and/or ratification of an officer, director and/or managing agent of Defendants.

24     WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set

25 forth.

26 / / /

## SEVENTH CAUSE OF ACTION
### [Fraud by Concealment]

60.    Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

61.    At all times mentioned herein, the Defendants, and each of them, had the duty and obligation to disclose to Plaintiff and to her physicians, the true facts concerning the Mesh Devices; that is, that said products were dangerous and defective, lacking efficacy for their purported use and lacking safety in normal use, and how likely they were to cause serious consequences to users including permanent and debilitating injuries. The Defendants, and each of them, made the affirmative representations as set forth above to Plaintiff and her physicians and the general public prior to the date the Mesh Devices were implanted in Plaintiff, while concealing material facts.

62.    At all times herein mentioned, the Defendants, and each of them, willfully, and maliciously concealed facts as set forth above from Plaintiff and her physicians, and therefore, Plaintiffs, with the intent to defraud as herein alleged.

63.    At all times herein mentioned, neither Plaintiff nor her physicians were aware of the facts set forth above, and had they been aware of said facts, they would not have acted as they did, that is, would not reasonably relied upon said representations of safety and efficacy and utilized the Mesh Devices for repairing/correcting pelvic organ prolapse, rectocele, cystocele and urinary incontinence.  The Defendants' representations were a substantial factor in Plaintiff utilizing the Mesh Devices for repairing/correcting pelvic organ prolapse, rectocele, cystocele and urinary incontinence.

64.    As a result of the concealment of the facts set forth above, Plaintiff sustained injuries as hereinafter set forth.

65.    In doing the action herein alleged, the Defendants, and each of them, acted with oppression, fraud, and malice and Plaintiff is therefore entitled to punitive damages

1   in an amount reasonably related to Plaintiff's actual damages, and to the Defendants'

2   wealth, and sufficiently large to be an example to others, and to deter these Defendants,

3   and each of them, and others from engaging in similar conduct in the future.

4         WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set

5   forth.

6
## EIGHTH CAUSE OF ACTION
### [Negligent Misrepresentation]

7       66.    Plaintiffs hereby incorporate by reference, as if fully set forth herein, each

8   and every allegation contained in the preceding paragraphs.

9       67.    At all relevant times herein, the Defendants, and each of them, represented

10   to Plaintiff and her physicians that the Mesh Devices were safe to use for

11   repairing/correcting pelvic organ prolapse, rectocele, cystocele and urinary incontinence,

12   knowing that the Mesh Devices were defective and capable of causing the injuries

13   described herein.

14       68.    The Defendants, and each of them, made the aforesaid representations with

15   no reasonable ground for believing them to be true when the data readily available to

16   Defendants, and upon information and belief directly available to defendants in the form

17   of adverse event reports specifically related to the Mesh Devices, showed the Mesh

18   Devices to be defective and dangerous when used in the intended manner.

19       69.    The aforesaid representations were made to the physician prescribing the

20   Mesh Devices prior to the date they were prescribed to Plaintiff with the intent that

21   Plaintiff and her physicians rely upon such misrepresentations about the safety and

22   efficacy of the Mesh Devices.  Plaintiff and her physicians did reasonably rely upon such

23   representations that the aforesaid product was safe for use for repairing/correcting pelvic

24   organ prolapse, rectocele, cystocele and urinary incontinence.

25       70.    The representations by the Defendants, and each of them, to Plaintiffs were

26

1  false and thereby caused Plaintiff's injuries described herein.

2       WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set

3  forth.

4                         **NINTH CAUSE OF ACTION**
           [Violation of State Consumer Fraud & Deceptive Trade Practices Act]

5

6       71.    Plaintiffs hereby incorporate by reference, as if fully set forth herein, each
   and every allegation contained in the preceding paragraphs.

7

8       72.    Defendants had a statutory duty to refrain from unfair or deceptive acts or
   practices in the sale and promotion of the Mesh Devices to Plaintiff.

9

10      73.    Defendants engaged in unfair unconscionable, deceptive, fraudulent and
   misleading acts or practices in violation of all California and Louisiana consumer

11 protection laws, identified below.  Through its false, untrue and misleading promotions of

12 the Mesh Devices and/or local anesthetic products, Defendants induced Plaintiff to

13 purchase and/or pay for the purchase of the Mesh Devices.  Defendants misrepresented

14 the alleged benefits and characteristics of said products; suppressed, concealed and failed

15 to disclose material information concerning known adverse effects; misrepresented the

16 quality as compared to much lower-cost alternatives; misrepresented and advertised that

17 they were of a particular standard quality or grade that they were not; misrepresented in

18 such a matter that later, on disclosure of the true facts, there was a likelihood that Plaintiff

19 would have switched to another product and/or chosen not to purchase and/or reimburse

20 for purchase for the product; advertised with the intent not to sell as advertised; and other-

21 wise engaged in fraudulent and deceptive conduct.

22      74.    Defendants' conduct created a likelihood of, and in fact caused, confusion

23 and misunderstanding. Defendants' conduct misled, deceived and damaged Plaintiff and

24 Defendants fraudulent, misleading and deceptive conduct was perpetrated with an intent

25 that Plaintiff would rely on said conduct by purchasing and/or paying for purchases of

26

1   said product.

2       75.     Moreover, Defendants knowingly took advantage of Plaintiff who was

3   reasonably unable to protect her interests due to ignorance of the harmful adverse effects.

4   Defendants' conduct was willful, outrageous, immoral, unethical, oppressive,

5   unscrupulous, unconscionable and substantially injurious to Plaintiff and offends the

6   public conscience.

7       76.     As a result of and in reliance of Defendants' violative conduct, Plaintiff

8   purchased and/or paid for purchases of the Mesh Devices that were not made for resale.

9       77.     As such, Defendants engaged in unfair competition or deceptive acts or

10  practices in violation of California Business & Professional Code §17200, *et seq.*,

11  California Business & Professional Code §17500, *et seq.* and the Louisiana Unfair Trade

12  Practices Act, La. Rev. Stat. Ann. § 51:1401, *et seq.*, among others.

13      78.     As a proximate result of Defendants' misrepresentations and omissions,

14  Plaintiff has suffered ascertainable losses, in an amount to be determined at trial.

15      79.     Throughout the period described in this Complaint, Defendants repeatedly

16  engaged in intentional misconduct characterized by trickery, deceit and a wanton, willful,

17  conscious and reckless disregard of the health, rights and interests of the Plaintiff, and in

18  so conducting itself, acted with oppression, fraud, and malice toward the Plaintiff. As a

19  result of Defendants' indifference to and reckless disregard of the health and safety of the

20  Plaintiff, she suffered both physical and economic harm, and all end-payors incurred

21  economic damages. Accordingly, Defendants' conduct was highly reprehensible under

22  controlling Supreme Court punitive damages authority, and Plaintiff is entitled to punitive

23  and/or exemplary damages.

24      80.     As a direct and proximate consequence of Defendants' acts, omissions and

25  misrepresentations described herein, the Plaintiff has required and will require healthcare

26  and services; has incurred and will continue to incur medical and related expenses; has

1  suffered loss of wages and a diminished capacity to earn wages in the future; has suffered

2  and will continue to suffer mental anguish, diminished capacity for the enjoyment of life,

3  a diminished quality of life, increased risk of premature death, and other such damages.

4  Plaintiff's direct medical losses and costs include care for hospitalization, physician care,

5  monitoring, treatment, medications, and supplies. Plaintiff will continue to incur such

6  losses in the future.

7      81.    Defendants' conduct was committed with knowing, conscious, wanton,

8  willful, and deliberate disregard for the value of human life and the rights and safety of

9  consumers, including Plaintiff, thereby entitling Plaintiff to punitive and exemplary

10 damages so as to punish Defendants and deter them from similar conduct in the future.

11     WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set

12 forth.

13              **TENTH CAUSE OF ACTION**
                    [Loss of Consortium]

14

15     **(On behalf of Plaintiff ROBERT BROUSSARD as against all Defendants)**

16     82.    Plaintiffs hereby incorporate by reference, as if fully set forth herein, each

   and every allegation contained in the preceding paragraphs.

17
       83.    At all times herein mentioned Plaintiffs DEBRA BROUSSARD and
18
   ROBERT BROUSSARD were wife and husband.
19
       84.    As a direct result of Defendants' aforesaid conduct, Plaintiff ROBERT
20
   BROUSSARD, suffered a loss of love, affection, solace, moral support and physical
21
   assistance in the operation and maintenance of the home, all to his general damage in an
22
   amount within the jurisdiction of this court.
23
       WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set
24
   forth, seeking compensatory damages, the imposition of a constructive trust over and
25
   restitution of the monies collected and profits realized by the Defendants to cease such
26

1 false and misleading advertising in the future, and punitive and exemplary damages
2 together with interest, the costs of suit and attorneys' fees and such other and further
3 relief as this Court deems just and proper.

### PRAYER FOR RELIEF

5     WHEREFORE, Plaintiffs demand judgment against the Defendants on each of the
6 above-referenced claims and Causes of Action and as follows:

7         a.    Awarding compensatory damages to Plaintiffs for past and future
8 damages, including but not limited to pain and suffering for severe and permanent
9 personal injuries sustained by the Plaintiffs, health care costs, medical monitoring,
10 together with interest and costs as provided by law;

11         b.    For lost wages and loss of earning capacity in an amount to be
12 proven at time of trial together with interest thereon at the highest lawful rate from the
13 date of judgment until paid in full;

14         c.    For imposition of a constructive trust and restitution;

15         d.    For Plaintiff Robert Broussard's loss of consortium and marital
16 support, according to proof;

17         e.    For punitive or exemplary damages and/or exemplary damages for
18 the wanton, willful, fraudulent, reckless acts of the Defendants who demonstrated a
19 complete disregard and reckless indifference for the safety and welfare of the general
20 public and to the Plaintiffs in an amount sufficient to punish Defendants and deter future
21 similar conduct;

22         f.    For any other causes of action and/or claims as may be compensable
23 under local laws and/or statutes as may apply under the laws in the jurisdiction and venue
24 in which this case will be transferred for trial;

25         g.    For Plaintiffs' reasonable attorneys' fees;

26         h.    For Plaintiffs' costs incurred herein together with interest thereon at

1   the highest lawful rate from the date of judgment until paid in full; and

2          i.       For such other relief as the Court deems just and proper.

3   Dated: May 21, 2009                    Respectfully submitted,

4                                          PHILLIPS & ASSOCIATES

5

6                                          By
                                               Robert F. Arentz, SBN 114159
7                                              Lowell W. Finson, AZ No. 010872
                                               3030 North Third Street, Suite 1100
8                                              Phoenix, Arizona 85012
                                               Tel: (602) 258-8900
9                                              Fax: (602) 288-1632
                                               lowellf@phillipslaw.ws
10
                                           Attorneys for Plaintiffs Broussard
11

12                    **DEMAND FOR JURY TRIAL**

13     Plaintiffs demand a trial by jury on all issues which may be tried by a jury.

14  Dated: May 21, 2009                    Respectfully submitted,

15                                         PHILLIPS & ASSOCIATES

16

17                                         By
                                               Robert F. Arentz, SBN 114159
18                                             Lowell W. Finson, AZ No. 010872
                                               3030 North Third Street, Suite 1100
19                                             Phoenix, Arizona 85012
                                               Tel: (602) 258-8900
20                                             Fax: (602) 288-1632
                                               lowellf@phillipslaw.ws
21
                                           Attorneys for Plaintiffs Broussard
22

23

24

25

26

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Robert F. Arentz, SBN 114159 / Lowell W. Finson, AZ No. 010872
PHILLIPS & ASSOCIATES
3030 North Third Street, Suite 1100
Phoenix, AZ 85012
  TELEPHONE NO.: (602) 258-8900    FAX NO.: (602) 288-1632
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
  STREET ADDRESS: 6230 Sylmar Ave
  MAILING ADDRESS:
  CITY AND ZIP CODE: Van Nuys, CA 91401
  BRANCH NAME: Northwest District - Van Nuys Courthouse East

CASE NAME:
Debra Broussard, et ux, v. Caldera Medical, Inc., et al.

**ORIGINAL FILED**
**Northwest District**

MAY 21 2009

**LOS ANGELES**
**SUPERIOR COURT**
**"VIA FAX"**

CASE NUMBER:
LC085621

JUDGE:

DEPT:

| CIVIL CASE COVER SHEET | Complex Case Designation |
|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder |

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[✓] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 10
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date:
May 21, 2009

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**

**"VIA FAX"**

| SHORT TITLE: Debra Broussard, et ux, v. Caldera Medical, Inc., et al. | CASE NUMBER: LC08562 |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL    7    ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Sheet Category No. | Type of Action<br>B<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 2. |
| | | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☑ A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4. ⑧ |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Debra Broussard, et ux. v. Caldera Medical, Inc., et al. | CASE NUMBER |
| --- | --- |

<table>
<tr><th></th><th>A<br>Civil Case Cover<br>Sheet Category No.</th><th colspan="2">B<br>Type of Action<br>(Check only one)</th><th>C<br>Applicable Reasons<br>-See Step 3 Above</th></tr>
<tr><td rowspan="3">Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)</td><td rowspan="2">Professional Negligence (25)</td><td>☐ A6017</td><td>Legal Malpractice</td><td>1., 2., 3.</td></tr>
<tr><td>☐ A6050</td><td>Other Professional Malpractice (not medical or legal)</td><td>1., 2., 3.</td></tr>
<tr><td>Other (35)</td><td>☐ A6025</td><td>Other Non-Personal Injury/Property Damage tort</td><td>2.,3.</td></tr>
<tr><td rowspan="3">Employment</td><td>Wrongful Termination (36)</td><td>☐ A6037</td><td>Wrongful Termination</td><td>1., 2., 3.</td></tr>
<tr><td rowspan="2">Other Employment (15)</td><td>☐ A6024</td><td>Other Employment Complaint Case</td><td>1., 2., 3.</td></tr>
<tr><td>☐ A6109</td><td>Labor Commissioner Appeals</td><td>10.</td></tr>
<tr><td rowspan="11">Contract</td><td rowspan="4">Breach of Contract/ Warranty (06) (not insurance)</td><td>☐ A6004</td><td>Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)</td><td>2., 5.</td></tr>
<tr><td>☐ A6008</td><td>Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)</td><td>2., 5.</td></tr>
<tr><td>☐ A6019</td><td>Negligent Breach of Contract/Warranty (no fraud)</td><td>1., 2., 5.</td></tr>
<tr><td>☐ A6028</td><td>Other Breach of Contract/Warranty (not fraud or negligence)</td><td>1., 2., 5.</td></tr>
<tr><td rowspan="2">Collections (09)</td><td>☐ A6002</td><td>Collections Case-Seller Plaintiff</td><td>2., 5., 6.</td></tr>
<tr><td>☐ A6012</td><td>Other Promissory Note/Collections Case</td><td>2., 5.</td></tr>
<tr><td>Insurance Coverage (18)</td><td>☐ A6015</td><td>Insurance Coverage (not complex)</td><td>1., 2., 5., 8.</td></tr>
<tr><td rowspan="3">Other Contract (37)</td><td>☐ A6009</td><td>Contractual Fraud</td><td>1., 2., 3., 5.</td></tr>
<tr><td>☐ A6031</td><td>Tortious Interference</td><td>1., 2., 3., 5.</td></tr>
<tr><td>☐ A6027</td><td>Other Contract Dispute(not breach/insurance/fraud/negligence)</td><td>1., 2., 3., 8.</td></tr>
<tr><td rowspan="5">Real Property</td><td>Eminent Domain/Inverse Condemnation (14)</td><td>☐ A7300</td><td>Eminent Domain/Condemnation      Number of parcels_____</td><td>2.</td></tr>
<tr><td>Wrongful Eviction (33)</td><td>☐ A6023</td><td>Wrongful Eviction Case</td><td>2., 6.</td></tr>
<tr><td rowspan="3">Other Real Property (26)</td><td>☐ A6018</td><td>Mortgage Foreclosure</td><td>2., 6.</td></tr>
<tr><td>☐ A6032</td><td>Quiet Title</td><td>2., 6.</td></tr>
<tr><td>☐ A6060</td><td>Other Real Property (not eminent domain, landlord/tenant, foreclosure)</td><td>2., 6.</td></tr>
<tr><td rowspan="5">Unlawful Detainer    Judicial Review</td><td>Unlawful Detainer-Commercial (31)</td><td>☐ A6021</td><td>Unlawful Detainer-Commercial (not drugs or wrongful eviction)</td><td>2., 6.</td></tr>
<tr><td>Unlawful Detainer-Residential (32)</td><td>☐ A6020</td><td>Unlawful Detainer-Residential (not drugs or wrongful eviction)</td><td>2., 6.</td></tr>
<tr><td>Unlawful Detainer-Drugs (38)</td><td>☐ A6022</td><td>Unlawful Detainer-Drugs</td><td>2., 6.</td></tr>
<tr><td>Asset Forfeiture (05)</td><td>☐ A6108</td><td>Asset Forfeiture Case</td><td>2., 6.</td></tr>
<tr><td>Petition re Arbitration (11)</td><td>☐ A6115</td><td>Petition to Compel/Confirm/Vacate Arbitration</td><td>2., 5.</td></tr>
</table>

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Debra Broussard, et ux, v. Caldera Medical, Inc., et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Debra Broussard, et ux, v. Caldera Medical, Inc., et al. | CASE NUMBER |
|---|---|

Item III. **Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE ☐1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☒8. ☐9. ☐10. | ADDRESS: 28632 Roadside Drive, Suite 260 |
|---|---|
| CITY: Agoura Hills | STATE: CA | ZIP CODE: 91301 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Van Nuys (East)</u> courthouse in the <u>Northwest</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq. and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>May 21, 2009</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

1  Anthony G. Brazil, Esq. (SBN 84297)
   Diana Kotler, Esq. (SBN 217235)
2  MORRIS POLICH & PURDY LLP
   1055 West Seventh Street, 24th Floor
3  Los Angeles, California 90017
   Telephone:    (213) 891-9100
4  Facsimile:    (213) 488-1178

5  Attorneys for Defendant,
   CALDERA MEDICAL, INC.

6

7

ORIGINAL FILED
LOS ANGELES SUPERIOR COURT

AUG 1 4 2009

JOHN A. CLARKE, CLERK

BY E. VINCE CRUZ, DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES, NORTHWEST DISTRICT

10

11  DEBRA BROUSSARD and ROBERT          Case No.:    LC085621
    BROUSSARD,                          Complaint Filed: May 21, 2009
12
                 Plaintiffs,            Assigned to Hon. Michael Harwin
13                                      Dept. NW-M
    v.
14                                      DEFENDANT CALDERA MEDICAL,
    CALDERA MEDICAL, INC. a California  INC.'S PEREMPTORY CHALLENGE OF
15  corporation; C.R. BARD, INC, a New Jersey  THE HONORABLE MICHAEL HARWIN
    corporation; and DOES 1-15, inclusive,  PURSUANT TO CALIFORNIA CODE OF
16                                      CIVIL PROCEDURE SECTION 170.6
                 Defendants.
17

18

19          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20          PLEASE TAKE NOTICE that pursuant to California Code of Civil Procedure section 170.6,

21  Defendant CALDERA MEDICAL, INC. ("Defendant") hereby exercises a peremptory challenge with

22  respect to the Honorable Michael Harwin, the judge to whom the trial of this action has been assigned.

23

24

25

26

27

28  ///

L0184889                              -1-
DEFENDANT CALDERA MEDICAL, INC.'S PEREMPTORY CHALLENGE OF THE HONORABLE MICHAEL HARWIN
PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 170.6

1    This challenge is based upon the attached declaration of counsel for defendant.

2

3    Dated: August 12, 2009                    MORRIS POLICH & PURDY LLP

4

5                                              By: _____
                                                        Anthony G. Brazil
6                                                       Diana Kotler

7                                              Attorneys for Defendant,
                                               CALDERA MEDICAL, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF DIANA KOTLER

I, Diana Kotler, declare and state as follows:

1.      I am an attorney at law licensed to practice before all the courts of California, and I am an attorney in the law firm of Morris, Polich & Purdy, LLP, attorneys of record for Defendant CALDERA MEDICAL, INC. ("Defendant"). I am familiar with the facts, pleadings, and records in this action, and if called upon to testify I could and would competently testify as follows:

2.      Defendant was served with plaintiffs DEBRA BROUSSARD and ROBERT BROUSSARD's ("Plaintiffs") Complaint via personal service on May 21, 2009.

3.      On August 13, 2009, Defendant made its first appearance in this matter by filing a Stipulation Between Plaintiffs And Defendant Caldera Medical, Inc Regarding Dismissal Of Certain Causes Of Action And Punitive Damages Claims As Against Caldera Medical, Inc.. Accordingly, this peremptory challenge pursuant to California Code of Civil Procedure section 170.6 is timely.

4.      The Honorable Michael Harwin, the judge before whom the trial of the aforesaid action is pending or assigned is prejudiced against Defendant or their attorneys or the interests of Defendant or their attorneys so that the declarant cannot or believes she cannot have a fair and impartial trial or hearing before such judge.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct, and that this declaration was executed on August 12, 2009.

_____
Diana Kotler

L0184889

*Debra & Robert Broussard v. Caldera Medical, Inc., et al.*
Los Angeles County Superior Court, Northwest District
Case No. LC 0875621

## PROOF OF SERVICE

1

2      I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 1055 West Seventh Street, 24th Floor, Los Angeles, California

3      90017.

4      On August 14, 2009, I served the foregoing document, described as **"DEFENDANT CALDERA MEDICAL, INC.'S PEREMPTORY CHALLENGE OF THE HONORABLE MICHAEL HARWIN**

5      **PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 170.6"** on the interested parties in this action by placing ☐ the original ☒ a true copy of enclosed in separate sealed envelopes to

6      the following addresses:

7      Robert F. Arentz, Esq.                          R. Scott LaSalle, Esq.
       Lowell W. Finzon, Esq.                          SHOOK, HARDY & BACON, L.L.P.

8      Lowell@phillipslaw.ws                           Jamboree Center
       PHILLIPS & ASSOCIATES                           5 Park Plaza, Suite 1600

9      20 East Thomas Road, Suite 2600                 Irvine, CA 92614-8502
       Phoenix, AZ 85012                               Tel: (949) 475-1500 / Fax: (949) 475-0016

10     Tel: (602) 258-8900 / Fax: (602) 288-1671       *Attorneys for Defendant C.R. BARD, INC.*
       *Attorneys for Plaintiffs DEBRA BROUSSARD and*

11     *ROBERT BROUSSARD*

12

13     ☒ **BY U.S. MAIL**   I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

14
       I am "readily familiar" with Morris Polich & Purdy LLP's practice of collection and processing

15     correspondence for mailing. Under that practice documents are deposited with the U.S. Postal Service on the same day which is stated in this Proof of Service, with postage thereon fully prepaid at Los Angeles,

16     California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date stated

17     in this Proof of Service.

18     ☐ **BY OVERNIGHT MAIL**   I am familiar with the firm's practice of collecting and processing

19     correspondence for delivery via Federal Express. Under that practice, it would be picked up by Federal Express on that same day at Los Angeles, California and delivered to the parties as listed on this Proof of

20     Service the following business morning.

21     ☐ **BY FACSIMILE** I caused the above-referenced document to be transmitted via facsimile from
       (213) 488-1178 to the parties as listed on this Proof of Service. The transmission was reported as complete

22     and without error.

23     I declare under penalty of perjury under the laws of the state of California, that the above is true and correct.

24
       Executed on August 14, 2009, at Los Angeles, California.

25

26                                                    _____
                                                      *Mineeh P. Lapid*

27

28
L0185278

1    Anthony G. Brazil, Esq. (SBN 84297)
     Diana Kotler, Esq. (SBN 217235)
2    MORRIS POLICH & PURDY LLP
     1055 West Seventh Street, 24th Floor
3    Los Angeles, California 90017
     Telephone:    (213) 891-9100
4    Facsimile:    (213) 488-1178

5    Attorneys for Defendant,
     CALDERA MEDICAL, INC.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES, NORTHWEST DISTRICT

10

11   DEBRA BROUSSARD and ROBERT          Case No.:    LC085621
     BROUSSARD,                          Complaint Filed: May 21, 2009
12
                   Plaintiffs,           Assigned to Hon. Michael Latin
13                                       Dept. NW-D
     v.
14                                       **NOTICE OF RULING UPON
     CALDERA MEDICAL, INC. a California  DEFENDANT CALDERA MEDICAL,
15   corporation; C.R. BARD, INC, a New Jersey  INC.'S PEREMPTORY CHALLENGE OF
     corporation; and DOES 1-15, inclusive,  THE HONORABLE MICHAEL HARWIN
16                                       PURSUANT TO CALIFORNIA CODE OF
                   Defendants.           CIVIL PROCEDURE SECTION 170.6**
17

18

19

20        **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21        **PLEASE TAKE NOTICE** that the Court found that Defendant CALDERA MEDICAL,

22   INC.'s peremptory challenge of the Honorable Michael Harwin pursuant to California *Code of Civil*

23   *Procedure* § 170.6 was timely and in proper format, and was therefore accepted.

24        **PLEASE TAKE FURTHER NOTICE** that the Supervising Judge ordered this case transferred

25   to Department NW "D," Honorable Michael Latin, presiding.    Any previously scheduled or reserved

26   hearing dates were ordered vacated, and counsel must re-set them in the new department.

     ///

27   ///

28

     L0185726                           -1-
     NOTICE OF RULING UPON DEFENDANT CALDERA MEDICAL, INC.'S PEREMPTORY CHALLENGE OF THE
     HONORABLE MICHAEL HARWIN PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 170.6

1        Defendant Caldera Medical, Inc. was ordered to give notice of the Court's ruling.  Copy of the

2    Minute Order is attached hereto as Exhibit "A."

3

4

5    Dated: August 18, 2009                    MORRIS POLICH & PURDY LLP

6

7                                             By: _____

8                                                 Anthony G. Brazil
                                                  Diana Kotler

9                                             Attorneys for Defendant,

10                                            CALDERA MEDICAL, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L0185726                                      -2-

**NOTICE OF RULING UPON DEFENDANT CALDERA MEDICAL, INC.'S PEREMPTORY CHALLENGE OF THE
HONORABLE MICHAEL HARWIN PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 170.6**

# EXHIBIT A

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 08/17/09 | DEPT. NWM |
| HONORABLE MICHAEL HARWIN    JUDGE | K. TOBEY    DEPUTY CLERK |
| HONORABLE 13 | ELECTRONIC RECORDING MONITOR |
| L. VINCE CRUZ  C.A.    Deputy Sheriff | NONE    Reporter |

| | | |
|---|---|---|
| 8:30 am | LC085621 | Plaintiff Counsel |
| | DEBRA BROUSSARD, ET AL. | NO APPEARANCES |
| | VS | |
| | CALDERA MEDICAL, INC., ET AL. | Defendant Counsel |
| | 170.6 JUDGE MICHAEL HARWIN | |

NATURE OF PROCEEDINGS:

NON APPEARANCE - PEREMPTORY CHALLENGE PER CCP170.6

Counsel for defendant Calera Medical Inc. has filed
a peremptory challenge  pursuant to Code of Civil
Procedure Section 170.6 against Judge Michael Harwin.

The Court finds that it was timely filed, in proper
format, and is accepted.

By order of the Supervising Judge, Department NW"A",
this case is ordered transferred to Department NW"D",
Hon. Michael Latin, presiding. Any previously sched-
uled or reserved hearing dates are ordered vacated and
counsel must re-set them in the new department.

Counsel will be notified of the next hearing date by
the new department.

A true and correct copy of this minute order is sent
via U.S. Mail to:
Anthony G. Brazil, Esq.
Morris Polich & Purdy
1055 West Seventh Street
24th Floor
Los Angeles, CA  90017

Counsel for the moving party is to give notice.

CLERK'S CERTIFICATE OF MAILING/

Page  1 of  2    DEPT. NWM

MINUTES ENTERED
08/17/09
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/17/09                                                          DEPT. NWM

HONORABLE MICHAEL HARWIN          JUDGE | K. TOBEY          DEPUTY CLERK

HONORABLE                         JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR
13
            L. VINCE CRUZ  C.A.    Deputy Sheriff | NONE                    Reporter

---

8:30 am | LC085621                          Plaintiff
                                            Counsel
         DEBRA BROUSSARD, ET AL.                    NO APPEARANCES
         VS                                 Defendant
         CALDERA MEDICAL, INC., ET AL.      Counsel

         170.6 JUDGE MICHAEL HARWIN

---

NATURE OF PROCEEDINGS:

          NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
8/17/09 upon each party or counsel named above by
depositing in the United States mail at the courthouse
in Van Nuys, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown above with the postage
thereon fully prepaid.

Date: August 17, 2009

John A. Clarke, Executive Officer/Clerk

By: _____

                    Page   2 of  2    DEPT. NWM

MINUTES ENTERED
08/17/09
COUNTY CLERK

*Debra & Robert Broussard v. Caldera Medical, Inc., et al.*
Los Angeles County Superior Court, Northwest District
Case No. LC 0875621

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 1055 West Seventh Street, 24th Floor, Los Angeles, California 90017.

On August 18, 2009, I served the foregoing document, described as **"NOTICE OF RULING UPON DEFENDANT CALDERA MEDICAL, INC.'S PEREMPTORY CHALLENGE OF THE HONORABLE MICHAEL HARWIN PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 170.6"** on the interested parties in this action by placing ☐ the original ☒ a true copy of enclosed in separate sealed envelopes to the following addresses:

Robert F. Arentz, Esq.
Lowell W. Finzon, Esq.
Lowell@phillipslaw.ws
PHILLIPS & ASSOCIATES
20 East Thomas Road, Suite 2600
Phoenix, AZ 85012
Tel: (602) 258-8900 / Fax: (602) 288-1671
*Attorneys for Plaintiffs DEBRA BROUSSARD and ROBERT BROUSSARD*

R. Scott LaSalle, Esq.
SHOOK, HARDY & BACON, L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, CA 92614-8502
Tel: (949) 475-1500 / Fax: (949) 475-0016
*Attorneys for Defendant C.R. BARD, INC.*

☒ **BY U.S. MAIL** I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

I am "readily familiar" with Morris Polich & Purdy LLP's practice of collection and processing correspondence for mailing. Under that practice documents are deposited with the U.S. Postal Service on the same day which is stated in this Proof of Service, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date stated in this Proof of Service.

☐ **BY OVERNIGHT MAIL** I am familiar with the firm's practice of collecting and processing correspondence for delivery via Federal Express. Under that practice, it would be picked up by Federal Express on that same day at Los Angeles, California and delivered to the parties as listed on this Proof of Service the following business morning.

☐ **BY FACSIMILE** I caused the above-referenced document to be transmitted via facsimile from (213) 488-1178 to the parties as listed on this Proof of Service. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the state of California, that the above is true and correct.

Executed on August 18, 2009, at Los Angeles, California.

_____
*Mineeh P. Lapid*

L0185278

1   Anthony G. Brazil, Esq. (SBN 84297)
    Diana Kotler, Esq. (SBN 217235)
2   MORRIS POLICH & PURDY LLP
    1055 West Seventh Street, 24ᵗʰ Floor
3   Los Angeles, California 90017
    Telephone:    (213) 891-9100
4   Facsimile:    (213) 488-1178

5   Attorneys for Defendant,
    CALDERA MEDICAL, INC.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES, NORTHWEST DISTRICT

10

11  DEBRA BROUSSARD and ROBERT          Case No.:    LC085621
    BROUSSARD,                          Complaint Filed: May 21, 2009
12
                    Plaintiffs,         Assigned to Hon. Michael A. Latin
13                                      Dept. NW-D
    v.
14
    CALDERA MEDICAL, INC. a California  **CALDERA MEDICAL, INC.'S ANSWER**
15  corporation; C.R. BARD, INC, a New Jersey  **TO PLAINTIFFS' UNVERIFIED**
    corporation; and DOES 1-15, inclusive,  **COMPLAINT**
16
                    Defendants.
17

18

19         COMES NOW Defendant CALDERA MEDICAL, INC. (hereinafter referred to as "Caldera" or
20
    "Defendant") and hereby answers Plaintiffs DEBRA BROUSSARD and ROBERT BROUSSARD's
21
    (hereinafter referred to as "Plaintiffs") Unverified Complaint (hereinafter referred to as "Complaint") as
22
    follows:
23
                              **GENERAL DENIAL**
24
         Pursuant to California Code of Civil Procedure section 431.30, Caldera generally and
25
    specifically denies each and every allegation, and each and every cause of action in the Complaint, and
26
    further denies that Plaintiffs have been damaged in the manner or sums alleged, or any lesser sums, or
27
    at all.
28

L0179473                            -1-
        CALDERA MEDICAL, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1.     The Complaint and all causes of action asserted against Defendant therein fail to state facts sufficient to constitute a cause of action as to this Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2.     The Complaint fails to allege ultimate facts sufficient to state a cause of action predicated upon strict products liability (failure to warn, design defect and/or manufacturing defect) or negligence.

**THIRD AFFIRMATIVE DEFENSE**

3.     Plaintiffs failed to exercise ordinary care on his own behalf for their own safety. That negligence caused the injury and damage, if any, that they sustained. Consequently, Plaintiffs' recovery should be diminished by their proportional share of fault.

**FOURTH AFFIRMATIVE DEFENSE**

4.     Plaintiffs failed to mitigate any damage that he may have sustained and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiffs have failed to use reasonable diligence in caring for any injury, failed to use reasonable means to prevent any aggravation of any injury, and failed to take reasonable precautions to reduce any injury and damage.

**FIFTH AFFIRMATIVE DEFENSE**

5.     Defendant denies that Plaintiffs suffered injuries or incurred any damages, or that any defendant is liable. If Plaintiffs did suffer any injuries or incur any damages, any injuries or damages were caused, in whole or in part, by the acts or omissions of persons or entities other than Defendant or superseding or intervening causes over which Defendant had no control. If there is any negligence or liability by any defendant, it is the sole and exclusive negligence and liability of others and not this answering Defendant. If Defendant were to be held responsible, it should be indemnified.

**SIXTH AFFIRMATIVE DEFENSE**

6.     The alleged damages, injuries or losses, if any, of Plaintiffs were not proximately caused by any alleged act, omission or breach of duty by Defendant but were caused in whole or in part by the

1  acts or omissions of Plaintiffs and/or others so that the principles of contributory negligence,

2  comparative fault and/or assumption of the risk apply.

### SEVENTH AFFIRMATIVE DEFENSE

4  7.  To the extent that Plaintiffs' claims are based on a theory providing for liability without

5  proof of causation, the claims violate Defendant's rights under the United States Constitution and

6  analogous provisions of the California Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

8  8.  If any of the other parties are negligent, legally responsible or otherwise at fault for the

9  damages alleged in the Complaints, and if there is a finding of any liability in favor of Plaintiffs or

10  settlement or judgment against Defendant, Defendant requests that the Court or Jury make an

11  apportionment of fault among all parties as permitted by *Li v. Yellow Cab Co.* and *American*

12  *Motorcycle Association v. Superior Court*, or any substantially equivalent law applicable in the

13  Plaintiffs' state or country of residence.  Defendant further requests a judgment and declaration of

14  partial indemnification and contribution against all other parties or persons in accordance with the

15  apportionment of fault under all applicable laws.

### NINTH AFFIRMATIVE DEFENSE

17  9.  Defendant is entitled to set-off, should any damages be awarded against it, in the amount

18  of damages or settlement amounts recovered by Plaintiffs, or any state entity acting on behalf of

19  Plaintiffs, with respect to the same alleged injuries.  Defendant is also entitled to have any damages that

20  may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs, or any state

21  entity acting on behalf of Plaintiffs, from any collateral source.

### TENTH AFFIRMATIVE DEFENSE

23  10.  Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs, or any state

24  entity acting on behalf of Plaintiffs, have released, settled, entered into an accord and satisfaction or

25  otherwise compromised Plaintiffs' claims and/or on the grounds that Defendant has discharged its

26  obligations to Plaintiffs.

28  / / /

L0179473

1
### ELEVENTH AFFIRMATIVE DEFENSE

2      11.   Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have brought an

3 action(s) and has received a judgment(s) on parts of some or all of the claims asserted herein.

4
### TWELFTH AFFIRMATIVE DEFENSE

5      12.   At all times, Defendant's acts or omissions were privileged, justified, fair and

6 undertaken in the good faith exercise of a valid business purpose.

7
### THIRTEENTH AFFIRMATIVE DEFENSE

8      13.   The claimed injuries and/or damages of Plaintiffs are so remote, speculative or

9 contingent that Plaintiffs' claims must be barred on public policy grounds.

10
### FOURTEENTH AFFIRMATIVE DEFENSE

11      14.   Plaintiffs' claims are barred in whole or in part because Plaintiffs lack capacity or

12 standing to bring such claims.

13
### FIFTEENTH AFFIRMATIVE DEFENSE

14      15.   Plaintiffs' claims are barred in whole or in part because the Complaint fails to join

15 necessary and indispensable parties.

16
### SIXTEENTH AFFIRMATIVE DEFENSE

17      16.   Plaintiffs' claims for negligence and strict liability are barred by the economic loss

18 doctrine to the extent that Plaintiffs seek only economic damages.

19
### SEVENTEENTH AFFIRMATIVE DEFENSE

20      17.   Plaintiffs' claims of non-economic damages are subject to Civil Code section 1431.2,

21 which is applicable to the Complaint and each cause of action therein.

22
### EIGHTEENTH AFFIRMATIVE DEFENSE

23      18.   Plaintiffs did not justifiably rely, in any fashion whatsoever, on any statement,

24 representation, advice or conduct of Defendant, and did not act based upon any statement,

25 representation, advice or conduct to their detriment.

26
### NINETEENTH AFFIRMATIVE DEFENSE

27      19.   Defendant breached no alleged duty of care owed to Plaintiffs and Plaintiffs' alleged

28 injuries were not proximately caused by acts or omissions of Defendant.

1

**TWENTIETH AFFIRMATIVE DEFENSE**

2     20.    PlaintiffS have failed to preserve evidence and as a result of such spoliation, Defendant

3  has been prejudiced and Plaintiffs' claims should be barred.

4

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

5     21.    Plaintiffs' causes of action are time-barred pursuant to the applicable statute of

6  limitations and/or statutes of repose, including but not limited to Code of Civil Procedure sections

7  335.1, 337, 338 and former 340(d), Business & Professions Code section 17208, Civil Code 1783 and

8  Commercial Code section 2725, or any substantially equivalent laws or statutes applicable in the

9  Plaintiffs' state or country of residence.

10

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

11     22.    Defendant alleges that Plaintiffs are barred from alleging the matters set forth in the

12  Complaint because Plaintiffs have inexcusably and unreasonably delayed the commencement of the

13  action, to the prejudice of Defendant.

14

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

15     23.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any

16  cognizable or compensable injuries or damages.

17

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

18     24.    Plaintiffs' claims are or may be barred, in whole or in part, based on principles of

19  equity.

20

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

21     25.    Plaintiffs' claims are barred in whole or in part by the doctrines of accord and

22  satisfaction, good faith, consent, res judicata, payment and release, waiver, collateral estoppel, judicial

23  estoppel, equitable estoppel, unclean hands, laches and/or statutory and regulatory compliance.

24

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

25     26.    Federal law preempts Plaintiffs' claims.  As such, Plaintiffs' claims are barred in whole

26  or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over

27  the subject medical device under applicable federal laws, regulations and rules.  Plaintiffs have asserted

28  claims for relief which, if granted, would constitute an impermissible burden by this Court on Federal

1  laws, regulations and policies relating to the development and marketing of products, in violation of the

2  Supremacy Clause, Article VI of the Constitution of the United States.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

4      27.    Plaintiffs' claims are barred in whole or in part because there is no private right of

5  action concerning matters regulated by the Food and Drug Administration under applicable federal

6  laws, regulations and rules.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

8      28.    At all times, any product designed, manufactured and/or distributed by Defendant was

9  designed, manufactured and/or distributed in compliance with all applicable federal, state and local

10  laws and regulations, and rules promulgated and enforced by the Food and Drug Administration. The

11  product was subject to and received clearance from the Food and Drug Administration. Compliance

12  with such laws, regulations and rules demonstrates that due care and reasonable prudence were

13  exercised in the design, manufacture and distribution of the subject medical device and that said

14  product was not defective in any way.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

16      29.    The alleged injuries of Plaintiffs were the direct and proximate result of an idiosyncratic

17  reaction which was not reasonably foreseeable; and/or was not the result of any conduct or negligence

18  on the part of Defendant; and/or was not the result of any defect in any product sold by Defendant;

19  therefore, this Defendant cannot be held liable to Plaintiffs as a matter of law.

### THIRTIETH AFFIRMATIVE DEFENSE

21      30.    Defendant alleges that at all relevant times during which the alleged product was

22  designed, manufactured, inspected, packaged, labeled and sold, it was in full compliance and

23  conformity with applicable industry and governmental standards and was reasonably safe and

24  reasonably fit for its intended use, and was accompanied by proper warnings, information and

25  instructions, all pursuant to generally recognized prevailing industry standards and the "state of the art"

26  in existence at the time of such design, manufacture, inspection, packaging, labeling and sale, and

27  therefore, the product was not defective or unreasonably dangerous.

28  ///

1

### THIRTY-FIRST AFFIRMATIVE DEFENSE

2      31.    Defendant asserts that it has complied with all applicable state and federal laws relating

3   to the sale and/or distribution of medical devices.

4

### THIRTY-SECOND AFFIRMATIVE DEFENSE

5      32.    The Complaint and all causes of action therein are barred due to the lack of privity, or a

6   "transaction," between Plaintiff and Defendant.

7

### THIRTY-THIRD AFFIRMATIVE DEFENSE

8      33.    To the extent that Plaintiffs allege a failure to warn by Defendant, Plaintiffs' claims are

9   barred because there is no evidence that he would have heeded a different warning.

10

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

11      34.    The learned intermediary doctrine bars Plaintiffs' recovery of any damages. Any duty

12   to warn Plaintiffs of the risks and hazards associated with the product was discharged by providing

13   adequate warning to physicians.

14

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

15      35.    The product was not used in the manner in which it was intended to be used. The

16   product was used in a manner that was abnormal and not reasonably foreseeable by Defendant. Such

17   misuse of the product proximately caused or contributed to the alleged damages, injuries and losses, if

18   any, of Plaintiffs.

19

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

20      36.    The alleged injuries or illnesses of Plaintiffs preexisted or were suffered after the alleged

21   use of the product, and such alleged injuries or illnesses were neither caused nor exacerbated by said

22   alleged use.

23

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

24      37.    Plaintiffs' injuries, if any, were caused or contributed to by a failure to follow the

25   directions and precautions provided for the product.

26

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

27      38.    Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of

28   Torts: Products Liability.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

39.    Defendant denies that any product manufactured by it caused or contributed to the alleged injuries of Plaintiffs, and Defendant further denies that it is liable to Plaintiffs for the claims alleged or for any other claims whatsoever.

## FORTIETH AFFIRMATIVE DEFENSE

40.    Plaintiffs' claims are barred because the utility of the subject product outweighed its risk.

## FORTY-FIRST AFFIRMATIVE DEFENSE

41.    Defendant asserts that as of the relevant times alleged in the Complaint, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have known of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Complaint; (2) the alleged danger of any such design characteristics.

## FORTY-SECOND AFFIRMATIVE DEFENSE

42.    At the times and places set forth in the Complaint, Plaintiffs had full knowledge of the risks and possible adverse effects pertaining to use of the product, as well as the risks relative to the subject product, and part or all of the injuries, damages and/or losses, if any, sustained by Plaintiffs arose from and were caused by such risks, of which Plaintiffs were aware and that were voluntarily accepted and assumed by Plaintiffs, and for that reason Plaintiffs' recovery, if any, should be diminished, reduced, offset or barred by Plaintiffs' assumption of the risks and/or informed consent.

## FORTY-THIRD AFFIRMATIVE DEFENSE

43.    After the product left the possession and control of Defendant, if in fact any product was ever in the possession or control of Defendant, the product was redesigned, modified, altered or subjected to treatment that substantially changed its character without Defendant's knowledge. Any alleged defect resulted, if at all, from the redesign, modification, alteration, treatment or other change of the product after Defendant relinquished possession of and control over any such product and not from any act or omission of Defendant.

/ / /

1

### FORTY-FOURTH AFFIRMATIVE DEFENSE

2       44.     The product at issue in this litigation is not defective or unreasonably dangerous because

3  it is a medical device bearing adequate warnings, and is subject to the comment j exception to strict

4  liability as set forth in § 402A of the Restatement (Second) of Torts (1965).

5

### FORTY-FIFTH AFFIRMATIVE DEFENSE

6       45.     Plaintiffs' claims are barred, in whole or in part, by the First Amendment of the United

7  States Constitution and similar provisions in the Constitution of the State of California which protect,

8  among other things, Defendant's right to promote and advertise its products.

9

### FORTY-SIXTH AFFIRMATIVE DEFENSE

10       46.     Plaintiffs' counsel is not entitled to recover its fees and/or costs by contract or for any

11  cause of action alleged in the Complaint.

12

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

13       47.     The damages sustained by Plaintiffs, if any, were the result of an unavoidable accident

14  insofar as Defendant is concerned and occurred without any negligence, want of care, default, or other

15  breach of duty to Plaintiffs by this Defendant.

16

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

17       48.     Plaintiffs' Complaint is barred because of lack of privity between Plaintiffs and

18  Defendant.

19

### FORTY-NINTH AFFIRMATIVE DEFENSE

20       49.     Defendant had no duty of care toward Plaintiffs and therefore, Defendants are not liable

21  for any alleged injuries by Plaintiffs.

22

### FIFTIETH AFFIRMATIVE DEFENSE

23       50.     Defendant met its duty, if any, to disclose the facts which plaintiffs allege form the basis

24  of his misrepresentation claims.  Further, there was no reliance by any plaintiff upon any information

25  that plaintiffs claims was misrepresented.

26

27  ///

28  ///

### FIFTY-FIRST AFFIRMATIVE DEFENSE

51.    To the extent that Plaintiffs are alleging misrepresentation or similar conduct, Plaintiffs have failed to state a valid claim and has failed to comply with the requirements set forth under Civil Code § 1710.  Further, Plaintiffs did not rely on any material information which Plaintiffs allege was misrepresented by Defendant.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

52.    Defendant had no duty to disclose the facts which Plaintiffs allege were misrepresented, and which form the basis of his misrepresentation and/or failure to warn claims; moreover, Plaintiffs did not rely on any information which Plaintiffs claim Defendant misrepresented.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

53.    Defendant expressly disclaimed any alleged implied warranty by using language that in common understanding called to Plaintiffs' attention the exclusion of warranties and made plain that there was no implied warranty.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

54.    Plaintiffs did not give Defendant notice of a breach of warranty within a reasonable time after they knew or should have known that the product was not fit for its intended purpose.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

55.    Defendant alleges that plaintiffS have improperly joined parties to this action; therefore, defendant objects to the misjoinder of parties in the Complaint pursuant to Code of Civil Procedure §430.10(d).

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

56.    Defendant adopts and incorporates by reference any affirmative defenses asserted by any other defendant to this action to the extent such affirmative defenses apply to Defendant. Defendant reserves the right to assert, and hereby gives notice that it intends to rely upon any other defenses that may become legally available hereafter or become apparent during discovery; accordingly, Defendant reserves the right to amend this Answer by adding defenses to conform to such information.

/ / /

1    WHEREFORE, Defendant prays for relief as follows:

2    1.    That Plaintiffs take nothing by this action;

3    2.    That judgment be entered in favor of Defendant and against Plaintiffs;

4    3.    That Defendant be awarded costs of suit herein; and

5    4.    For such other and further relief as the Court may deem just and proper.

6

7    Dated: September 28, 2009            Respectfully submitted,

8                                         MORRIS POLICH & PURDY LLP

9

10                                        By:

11                                            Anthony G. Brazil
                                             Diana Kotler
12
                                         Attorneys for Defendant
13                                       CALDERA MEDICAL, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2      Defendant CALDERA MEDICAL, INC. hereby demands trial of this matter by jury.

3

4  Dated: September 25, 2009        Respectfully submitted,

5                     MORRIS POLICH & PURDY LLP

6

7                     By: _____

8                       Anthony G. Brazil
                        Diana Kotler

9

10                Attorneys for Defendant
                CALDERA MEDICAL, INC.

*Debra & Robert Broussard v. Caldera Medical, Inc., et al.*
Los Angeles County Superior Court, Northwest District
Case No. LC 0875621

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 1055 West Seventh Street, 24th Floor, Los Angeles, California 90017.

On September 29, 2009, I served the foregoing document, described as **"CALDERA MEDICAL, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT"** on the interested parties in this action by placing ☐ the original ☒ a true copy of enclosed in separate sealed envelopes to the following addresses:

Robert F. Arentz, Esq.
Lowell W. Finzon, Esq.
Lowell@phillipslaw.ws
PHILLIPS & ASSOCIATES
20 East Thomas Road, Suite 2600
Phoenix, AZ 85012
Tel: (602) 258-8900 / Fax: (602) 288-1671
*Attorneys for Plaintiffs DEBRA BROUSSARD and*
*ROBERT BROUSSARD*

R. Scott LaSalle, Esq.
SHOOK, HARDY & BACON, L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, CA 92614-8502
Tel: (949) 475-1500 / Fax: (949) 475-0016
*Attorneys for Defendant C.R. BARD, INC.*

☒ **BY U.S. MAIL** I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

I am "readily familiar" with Morris Polich & Purdy LLP's practice of collection and processing correspondence for mailing. Under that practice documents are deposited with the U.S. Postal Service on the same day which is stated in this Proof of Service, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date stated in this Proof of Service.

☐ **BY OVERNIGHT MAIL** I am familiar with the firm's practice of collecting and processing correspondence for delivery via Federal Express. Under that practice, it would be picked up by Federal Express on that same day at Los Angeles, California and delivered to the parties as listed on this Proof of Service the following business morning.

☐ **BY FACSIMILE** I caused the above-referenced document to be transmitted via facsimile from (213) 488-1178 to the parties as listed on this Proof of Service. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the state of California, that the above is true and correct.

Executed on September 29, 2009, at Los Angeles, California.

*Mineeh P. Lapid*

L0185278

1 | Anthony G. Brazil, Esq. (SBN 84297)
2 | Diana Kotler, Esq. (SBN 217235)
  | MORRIS POLICH & PURDY LLP
3 | 1055 West Seventh Street, 24th Floor
  | Los Angeles, California 90017
  | Telephone:    (213) 891-9100
4 | Facsimile:    (213) 488-1178
5 | Attorneys for Defendant,
  | CALDERA MEDICAL, INC.

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles County Superior Court

**SEP 2 3 2009**

John A. Clarke, Executive Officer/Clerk
By ............................. Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, NORTHWEST DISTRICT

DEBRA BROUSSARD and ROBERT BROUSSARD,

        Plaintiffs,

v.

CALDERA MEDICAL, INC. a California corporation; C.R. BARD, INC, a New Jersey corporation; and DOES 1-15, inclusive,

        Defendants.

Case No.:    LC085621
Complaint Filed: May 21, 2009

Assigned to Hon. Michael Harwin
Dept. NW-M

**STIPULATION BETWEEN PLAINTIFFS AND DEFENDANT CALDERA MEDICAL, INC REGARDING DISMISSAL OF CERTAIN CAUSES OF ACTION AND PUNITIVE DAMAGES CLAIMS AS AGAINST CALDERA MEDICAL, INC.; [PROPOSED] ORDER**

**TO THIS HONORABLE COURT:**

Plaintiffs DEBRA BROUSSARD and ROBERT BROUSSARD ("Plaintiffs") filed their Complaint on May 21, 2009. The Complaint contained ten causes of action, including (1) strict products liability – failure to warn; (2) strict liability; (3) negligence; (4) breach of implied warranty; (5) breach of express warranty; (6) fraud; (7) fraud by concealment; (8) negligence concealment; (8) negligent misrepresentation; (9) violation of State Consumer Fraud and Deceptive Practices Act; and (10) loss of consortium. Additionally, the Complaint contained a demand for punitive and exemplary

1  damages in the prayer for relief. With respect to claims against Caldera Medical, Inc. Plaintiffs have

2  now agreed to dismiss without prejudice and deem stricken the sixth, seventh and ninth causes of

3  action and the demand for punitive and exemplary damages contained in the Complaint, as to Caldera

4  Medical, Inc.

5

6      **THEREFORE, IT IS HEREBY STIPULATED** and agreed by and between plaintiffs

7  DEBRA BROUSSARD and ROBERT BROUSSARD, on the one hand and defendant CALDERA

8  MEDICAL, INC., on the other hand, by and through their respective attorneys of record, as follows:

9      1.   The sixth cause of action for Fraud (Complaint at 12:18-13:25) as to Caldera Medical,

10         Inc. shall be dismissed without prejudice and deemed stricken from the Complaint as to

11         Caldera Medical, Inc.

12     2.   The seventh cause of action for Fraud by Concealment (Complaint at 14:1-15:5) as to

13         Caldera Medical, Inc. shall be dismissed without prejudice and deemed stricken from

14         the Complaint as to Caldera Medical, Inc..;

15     3.   The ninth cause action for Violation of State Consumer Fraud & Deceptive Practices

16         Act (Complaint at 16:4-18:12) as to Caldera Medical, Inc. shall be dismissed without

17         prejudice and deemed stricken from the Complaint as to Caldera Medical, Inc.;

18     4.   The demand for punitive and exemplary damages as to Caldera Medical, Inc. contained

19         in the prayer for relief (Complaint at 19:17-21) shall be dismissed without prejudice

20         and deemed stricken from the Complaint as to Caldera Medical, Inc.; and

21     5.   Caldera Medical, Inc. shall have ten (10) days after the entry of the Court's Order to

22         file its responsive pleading.

23  Dated: August 12, 2009                Respectfully submitted,

24                                        MORRIS POLICH & PURDY LLP

25

26                                        By:_____
                                              Anthony G. Brazil
27                                            Diana Kotler
                                          Attorneys for Defendant
28                                        CALDERA MEDICAL, INC.

1    Dated:  August 12, 2009                      Respectfully submitted,

2                                                 PHILLIPS & ASSOCIATES

3
                                                 By: _____
4                                                     Lowell W. Finson For Robert Arentz
5                                                  Attorneys for Plaintiffs
                                                 DEBRA BROUSSARD and ROBERT BROUSSARD
6

7        **IT IS ORDERED THAT:**

8            The Court, having read and considered the above stipulation and agreement between plaintiffs

9    DEBRA BROUSSARD and ROBERT BROUSSARD and defendant CALDERA MEDICAL, INC.

10   makes the following order:

11       1.    The sixth cause of action for Fraud (Complaint at 12:18-13:25) as to Caldera Medical,

12             Inc. shall be dismissed without prejudice and deemed stricken from the Complaint as to

13             Caldera Medical, Inc.;

14       2.    The seventh cause of action for Fraud by Concealment (Complaint at 14:1-15:5) as to

15             Caldera Medical, Inc. shall be dismissed without prejudice and deemed stricken from

16             the Complaint as to Caldera Medical, Inc;

17       3.    The ninth cause action for Violation of State Consumer Fraud & Deceptive Practices

18             Act (Complaint at 16:4-18:12) as to Caldera Medical, Inc. shall be dismissed without

19             prejudice and deemed stricken from the Complaint as to Caldera Medical, Inc ; and

20       4.    The demand for punitive and exemplary damages as to Caldera Medical, Inc. contained

21             in the prayer for relief (Complaint at 19:17-21) shall be dismissed without prejudice

22             and deemed stricken from the Complaint as to Caldera Medical, Inc

23       5.    Caldera Medical, Inc. shall have ten (10) days after the entry of the Court's Order to

24             file its responsive pleading.

25

26

27   Dated: ___SEP 2 3 2009___                    **MICHAEL A. LATIN**
                                                 _____
28                                                  Judge of the Superior Court

L0184872                              -3-
STIPULATION BETWEEN PLAINTIFFS AND DEFENDANT CALDERA MEDICAL, INC REGARDING DISMISSAL OF CERTAIN
CAUSES OF ACTION AND PUNITIVE DAMAGES CLAIMS AS AGAINST CALDERA MEDICAL, INC.; [PROPOSED] ORDER

*Debra & Robert Broussard v. Caldera Medical, Inc., et al.*
Los Angeles County Superior Court, Northwest District
Case No. LC 0875621

## PROOF OF SERVICE

1

2        I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a
party to this action. My business address is 1055 West Seventh Street, 24th Floor, Los Angeles, California
3        90017.

4        On August 14, 2009, I served the foregoing document, described as **"STIPULATION BETWEEN
PLAINTIFFS AND DEFENDANT CALDERA MEDICAL, INC REGARDING DISMISSAL OF
5        CERTAIN CAUSES OF ACTION AND PUNITIVE DAMAGES CLAIMS AS AGAINST
CALDERA MEDICAL, INC.; [PROPOSED] ORDER"** on the interested parties in this action by placing
6        ☐ the original ☒ a true copy of enclosed in separate sealed envelopes to the following addresses:

7        Robert F. Arentz, Esq.                          R. Scott LaSalle, Esq.
Lowell W. Finzon, Esq.                         SHOOK, HARDY & BACON, L.L.P.
8        Lowell@phillipslaw.ws                          Jamboree Center
PHILLIPS & ASSOCIATES                          5 Park Plaza, Suite 1600
9        20 East Thomas Road, Suite 2600                Irvine, CA 92614-8502
Phoenix, AZ 85012                              Tel: (949) 475-1500 / Fax: (949) 475-0016
10       Tel: (602) 258-8900 / Fax: (602) 288-1671      *Attorneys for Defendant C.R. BARD, INC.*
*Attorneys for Plaintiffs DEBRA BROUSSARD and*
11       *ROBERT BROUSSARD*

12

13       ☒ **BY U.S. MAIL**  I deposited such envelope in the mail at Los Angeles, California. The
envelopes were mailed with postage thereon fully prepaid.
14
I am "readily familiar" with Morris Polich & Purdy LLP's practice of collection and processing
15       correspondence for mailing. Under that practice documents are deposited with the U.S. Postal Service on
the same day which is stated in this Proof of Service, with postage thereon fully prepaid at Los Angeles,
16       California in the ordinary course of business. I am aware that on motion of the party served, service is
presumed invalid if postal cancellation date or postage meter date is more than one day after the date stated
17       in this Proof of Service.

18       ☐ **BY OVERNIGHT MAIL**  I am familiar with the firm's practice of collecting and processing
correspondence for delivery via Federal Express. Under that practice, it would be picked up by Federal
19       Express on that same day at Los Angeles, California and delivered to the parties as listed on this Proof of
Service the following business morning.
20
21       ☐ **BY FACSIMILE** I caused the above-referenced document to be transmitted via facsimile from
(213) 488-1178 to the parties as listed on this Proof of Service. The transmission was reported as complete
22       and without error.

23       I declare under penalty of perjury under the laws of the state of California, that the above is true and
correct.
24
25       Executed on August 14, 2009, at Los Angeles, California.

26                                                   _____
27                                                         *Mineeh P. Lapid*

28
L0185278

1   Anthony G. Brazil, Esq. (SBN 84297)
    Diana Kotler, Esq. (SBN 217235)
2   MORRIS POLICH & PURDY LLP
    1055 West Seventh Street, 24th Floor
3   Los Angeles, California 90017
    Telephone:    (213) 891-9100
4   Facsimile:    (213) 488-1178

5   Attorneys for Defendant,
    CALDERA MEDICAL, INC.

6

7

ORIGINAL FILED
Northwest District

OCT 0 8 2009

LOS ANGELES
SUPERIOR COURT

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES, NORTHWEST DISTRICT

10

11  DEBRA BROUSSARD and ROBERT          Case No.:    LC085621
    BROUSSARD,                          Complaint Filed: May 21, 2009
12
                    Plaintiffs,         Assigned to Hon. Michael Latin
13                                      Dept. NW-D
    v.
14
    CALDERA MEDICAL, INC. a California
15  corporation; C.R. BARD, INC, a New Jersey   NOTICE OF EXECUTION OF
    corporation; and DOES 1-15, inclusive,      STIPULATION BETWEEN PLAINTIFFS
16                                              AND DEFENDANT CALDERA
                    Defendants.                 MEDICAL, INC. REGARDING
17                                              DISMISSAL OF CERTAIN CAUSES OF
                                                ACTION AND PUNITIVE DAMAGES
18                                              CLAIMS AS AGAINST CALDERA
                                                MEDICAL, INC.
19

20

21          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22          PLEASE TAKE NOTICE that the Court has executed the Order upon the Stipulation

23  Between Plaintiffs and Defendant Caldera Medical, Inc. Regarding Dismissal of Certain Causes of

24  Action and Punitive Damages Claims as Against Caldera Medical, Inc..

25          PLEASE TAKE FURTHER NOTICE that the Court would like plaintiffs to file an amended

26  complaint pursuant to Court's note on the face sheet of the Stipulation.

27  ///

28  ///

L0185726                                -1-
    NOTICE OF EXECUTION OF STIPULATION BETWEEN PLAINTIFFS AND DEFENDANT CALDERA MEDICAL, INC.
    REGARDING DISMISSAL OF CERTAIN CAUSES OF ACTION AND PUNITIVE DMAGES CLAIMS AS AGAINST
                                CALDERA MEDICAL, INC.

1          A true and correct copy of the Order is attached hereto as Exhibit A.

2

3    Dated: October ⌇, 2009          MORRIS POLICH & PURDY LLP

4

5                                    By: _____
                                         Anthony G. Brazil
6                                        Diana Kotler

7                                    Attorneys for Defendant,
                                     CALDERA MEDICAL, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L0185726                                    -2-
NOTICE OF EXECUTION OF STIPULATION BETWEEN PLAINTIFFS AND DEFENDANT CALDERA MEDICAL, INC.
REGARDING DISMISSAL OF CERTAIN CAUSES OF ACTION AND PUNITIVE DMAGES CLAIMS AS AGAINST
CALDERA MEDICAL, INC.

# Exhibit "A"

1 | Anthony G. Brazil, Esq. (SBN 84297)
2 | Diana Kotler, Esq. (SBN 217235)
  | MORRIS POLICH & PURDY LLP
  | 1055 West Seventh Street, 24th Floor
3 | Los Angeles, California 90017
  | Telephone:    (213) 891-9100
4 | Facsimile:    (213) 488-1178

5 | Attorneys for Defendant,
  | CALDERA MEDICAL, INC.

*For signed*
*stipulation*
*CT would like*
*π to file AMENDED*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles County Superior Court

SEP 23 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES, NORTHWEST DISTRICT**

| | |
|---|---|
| DEBRA BROUSSARD and ROBERT BROUSSARD, <br><br> Plaintiffs, <br><br> v. <br><br> CALDERA MEDICAL, INC. a California corporation; C.R. BARD, INC, a New Jersey corporation; and DOES 1-15, inclusive, <br><br> Defendants. | Case No.:    LC085621 <br> Complaint Filed: May 21, 2009 <br><br> Assigned to Hon. Michael Harwin <br> Dept. NW-M <br><br> **STIPULATION BETWEEN PLAINTIFFS AND DEFENDANT CALDERA MEDICAL, INC REGARDING DISMISSAL OF CERTAIN CAUSES OF ACTION AND PUNITIVE DAMAGES CLAIMS AS AGAINST CALDERA MEDICAL, INC.; [PROPOSED] ORDER** |

**TO THIS HONORABLE COURT:**

Plaintiffs DEBRA BROUSSARD and ROBERT BROUSSARD ("Plaintiffs") filed their Complaint on May 21, 2009.  The Complaint contained ten causes of action, including (1) strict products liability – failure to warn; (2) strict liability; (3) negligence; (4) breach of implied warranty; (5) breach of express warranty; (6) fraud; (7) fraud by concealment; (8) negligence concealment; (8) negligent misrepresentation; (9) violation of State Consumer Fraud and Deceptive Practices Act; and (10) loss of consortium.  Additionally, the Complaint contained a demand for punitive and exemplary

L0184872

STIPULATION BETWEEN PLAINTIFFS AND DEFENDANT CALDERA MEDICAL, INC REGARDING DISMISSAL OF CERTAIN
CAUSES OF ACTION AND PUNITIVE DAMAGES CLAIMS AS AGAINST CALDERA MEDICAL, INC.; [PROPOSED] ORDER

1  damages in the prayer for relief. With respect to claims against Caldera Medical, Inc. Plaintiffs have

2  now agreed to dismiss without prejudice and deem stricken the sixth, seventh and ninth causes of

3  action and the demand for punitive and exemplary damages contained in the Complaint, as to Caldera

4  Medical, Inc.

5

6      **THEREFORE, IT IS HEREBY STIPULATED** and agreed by and between plaintiffs

7  DEBRA BROUSSARD and ROBERT BROUSSARD, on the one hand and defendant CALDERA

8  MEDICAL, INC., on the other hand, by and through their respective attorneys of record, as follows:

9      1.    The sixth cause of action for Fraud (Complaint at 12:18-13:25) as to Caldera Medical,

10              Inc. shall be dismissed without prejudice and deemed stricken from the Complaint as to

11              Caldera Medical, Inc.

12      2.    The seventh cause of action for Fraud by Concealment (Complaint at 14:1-15:5) as to

13              Caldera Medical, Inc. shall be dismissed without prejudice and deemed stricken from

14              the Complaint as to Caldera Medical, Inc..;

15      3.    The ninth cause action for Violation of State Consumer Fraud & Deceptive Practices

16              Act (Complaint at 16:4-18:12) as to Caldera Medical, Inc. shall be dismissed without

17              prejudice and deemed stricken from the Complaint as to Caldera Medical, Inc.;

18      4.    The demand for punitive and exemplary damages as to Caldera Medical, Inc. contained

19              in the prayer for relief (Complaint at 19:17-21) shall be dismissed without prejudice

20              and deemed stricken from the Complaint as to Caldera Medical, Inc.; and

21      5.    Caldera Medical, Inc. shall have ten (10) days after the entry of the Court's Order to

22              file its responsive pleading.

23  Dated: August 12, 2009                     Respectfully submitted,

24                                               MORRIS POLICH & PURDY LLP

25

26                                               By: _____

27                                                   Anthony G. Brazil
                                                     Diana Kotler
                                                 Attorneys for Defendant

28                                               CALDERA MEDICAL, INC.

L0184872                                        -2-
STIPULATION BETWEEN PLAINTIFFS AND DEFENDANT CALDERA MEDICAL, INC REGARDING DISMISSAL OF CERTAIN
CAUSES OF ACTION AND PUNITIVE DAMAGES CLAIMS AS AGAINST CALDERA MEDICAL, INC.; [PROPOSED] ORDER

1    Dated: August 12, 2009                    Respectfully submitted,

2                                              PHILLIPS & ASSOCIATES

3                                              By: _____

4                                                  Lowell W. Finson For Robert Arentz

5                                              Attorneys for Plaintiffs
                                               DEBRA BROUSSARD and ROBERT BROUSSARD
6

7        **IT IS ORDERED THAT:**

8            The Court, having read and considered the above stipulation and agreement between plaintiffs

9    DEBRA BROUSSARD and ROBERT BROUSSARD and defendant CALDERA MEDICAL, INC.

10   makes the following order:

11           1.      The sixth cause of action for Fraud (Complaint at 12:18-13:25) as to Caldera Medical,

12                   Inc. shall be dismissed without prejudice and deemed stricken from the Complaint as to

13                   Caldera Medical, Inc.;

14           2.      The seventh cause of action for Fraud by Concealment (Complaint at 14:1-15:5) as to

15                   Caldera Medical, Inc. shall be dismissed without prejudice and deemed stricken from

16                   the Complaint as to Caldera Medical, Inc;

17           3.      The ninth cause action for Violation of State Consumer Fraud & Deceptive Practices

18                   Act (Complaint at 16:4-18:12) as to Caldera Medical, Inc. shall be dismissed without

19                   prejudice and deemed stricken from the Complaint as to Caldera Medical, Inc ; and

20           4.      The demand for punitive and exemplary damages as to Caldera Medical, Inc. contained

21                   in the prayer for relief (Complaint at 19:17-21) shall be dismissed without prejudice

22                   and deemed stricken from the Complaint as to Caldera Medical, Inc

23           5.      Caldera Medical, Inc. shall have ten (10) days after the entry of the Court's Order to

24                   file its responsive pleading.

25

26

27   Dated: SEP 2 3 2009  _____        **MICHAEL A. LATIN**  _____

28                                              Judge of the Superior Court

STIPULATION BETWEEN PLAINTIFFS AND DEFENDANT CALDERA MEDICAL, INC REGARDING DISMISSAL OF CERTAIN
CAUSES OF ACTION AND PUNITIVE DAMAGES CLAIMS AS AGAINST CALDERA MEDICAL, INC.; [PROPOSED] ORDER

*Debra & Robert Broussard v. Caldera Medical, Inc., et al.*
Los Angeles County Superior Court, Northwest District
Case No. LC 0875621

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 1055 West Seventh Street, 24th Floor, Los Angeles, California 90017.

On August 14, 2009, I served the foregoing document, described as **"STIPULATION BETWEEN PLAINTIFFS AND DEFENDANT CALDERA MEDICAL, INC REGARDING DISMISSAL OF CERTAIN CAUSES OF ACTION AND PUNITIVE DAMAGES CLAIMS AS AGAINST CALDERA MEDICAL, INC.; [PROPOSED] ORDER"** on the interested parties in this action by placing ☐ the original ☒ a true copy of enclosed in separate sealed envelopes to the following addresses:

Robert F. Arentz, Esq.                          R. Scott LaSalle, Esq.
Lowell W. Finzon, Esq.                          SHOOK, HARDY & BACON, L.L.P.
Lowell@phillipslaw.ws                           Jamboree Center
PHILLIPS & ASSOCIATES                           5 Park Plaza, Suite 1600
20 East Thomas Road, Suite 2600                 Irvine, CA 92614-8502
Phoenix, AZ 85012                               Tel: (949) 475-1500 / Fax: (949) 475-0016
Tel: (602) 258-8900 / Fax: (602) 288-1671       *Attorneys for Defendant C.R. BARD, INC.*
*Attorneys for Plaintiffs DEBRA BROUSSARD and*
*ROBERT BROUSSARD*

☒ **BY U.S. MAIL** I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

I am "readily familiar" with Morris Polich & Purdy LLP's practice of collection and processing correspondence for mailing. Under that practice documents are deposited with the U.S. Postal Service on the same day which is stated in this Proof of Service, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date stated in this Proof of Service.

☐ **BY OVERNIGHT MAIL** I am familiar with the firm's practice of collecting and processing correspondence for delivery via Federal Express. Under that practice, it would be picked up by Federal Express on that same day at Los Angeles, California and delivered to the parties as listed on this Proof of Service the following business morning.

☐ **BY FACSIMILE** I caused the above-referenced document to be transmitted via facsimile from (213) 488-1178 to the parties as listed on this Proof of Service. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the state of California, that the above is true and correct.

Executed on August 14, 2009, at Los Angeles, California.

_Mineeh P. Lapid_
Mineeh P. Lapid

L0185278

*Debra & Robert Broussard v. Caldera Medical, Inc., et al.*
Los Angeles County Superior Court, Northwest District
Case No. LC 0875621

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 1055 West Seventh Street, 24th Floor, Los Angeles, California 90017.

On October 5, 2009, I served the foregoing document, described as **"NOTICE OF EXECUTION OF STIPULATION BETWEEN PLAINTIFFS AND DEFENDANT CALDERA MEDICAL, INC. REGARDING DISMISSAL OF CERTAIN CAUSES OF ACTION AND PUNITIVE DAMAGES CLAIMS AS AGAINST CALDERA MEDICAL, INC."** on the interested parties in this action by placing ☐ the original ☒ a true copy of enclosed in separate sealed envelopes to the following addresses:

Robert F. Arentz, Esq.
Lowell W. Finzon, Esq.
Lowell@phillipslaw.ws
PHILLIPS & ASSOCIATES
20 East Thomas Road, Suite 2600
Phoenix, AZ 85012
Tel: (602) 258-8900 / Fax: (602) 288-1671
*Attorneys for Plaintiffs DEBRA BROUSSARD and ROBERT BROUSSARD*

R. Scott LaSalle, Esq.
SHOOK, HARDY & BACON, L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, CA 92614-8502
Tel: (949) 475-1500 / Fax: (949) 475-0016
*Attorneys for Defendant C.R. BARD, INC.*

☒ **BY U.S. MAIL**  I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

I am "readily familiar" with Morris Polich & Purdy LLP's practice of collection and processing correspondence for mailing. Under that practice documents are deposited with the U.S. Postal Service on the same day which is stated in this Proof of Service, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date stated in this Proof of Service.

☐ **BY OVERNIGHT MAIL**  I am familiar with the firm's practice of collecting and processing correspondence for delivery via Federal Express. Under that practice, it would be picked up by Federal Express on that same day at Los Angeles, California and delivered to the parties as listed on this Proof of Service the following business morning.

☐ **BY FACSIMILE** I caused the above-referenced document to be transmitted via facsimile from (213) 488-1178 to the parties as listed on this Proof of Service. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the state of California, that the above is true and correct.

Executed on October 5, 2009, at Los Angeles, California.

*Mineeh P. Lapid*
**Mineeh P. Lapid**

L0185278

CIV-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Diana Kotler, Esq. (SBN 217235)     (213) 891-9100<br>MORRIS POLICH & PURDY LLP<br>1055 W. Seventh Street, 24th Floor<br>Los Angeles, CA 90017<br><br>ATTORNEY FOR *(Name)*:  Defendant CALDERA MEDICAL, INC. | | DEC 0 4 2009 |

Insert name of court and name of judicial district and branch court, if any:
SUPERIOR COURT OF CALIFORNIA
NORTHWEST DISTRICT

PLAINTIFF/PETITIONER: DEBRA BROUSSARD and ROBERT
BROUSSARD
DEFENDANT/RESPONDENT: CALDERA MEDICAL, INC., et al.

| NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE<br>[X] Personal Injury, Property Damage, or Wrongful Death<br>   [ ] Motor Vehicle   [ ] Other<br>[ ] Family Law<br>[ ] Eminent Domain<br>[X] Other *(specify)*: Product Liability | CASE NUMBER:<br><br>LC085621 |
|---|---|

**TO ATTORNEYS AND PARTIES WITHOUT ATTORNEYS:** A dismissal was entered in this action by the clerk as shown on the Request for Dismissal. *(Attach a copy completed by the clerk.)*

Date: December 3, 2009

Diana Kotler
_____
(TYPE OR PRINT NAME OF  [X] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)                    (SIGNATURE)

## PROOF OF SERVICE

1. I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred. My residence or business address is:

   Morris Polich & Purdy LLP
   1055 W. Seventh Street, 24th Floor, Los Angeles, CA 90017

2. [X] I served a copy of the Notice of Entry of Dismissal and Request for Dismissal by mailing them, in a sealed envelope with postage fully prepaid, as follows:
   a. [ ] I deposited the envelope with the United States Postal Service.
   b. [X] I placed the envelope for collection and processing for mailing following this business's ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.
   c. Date of deposit: December  , 2009
   d. Place of deposit *(city and state)*: Los Angeles, California
   e. Addressed as follows *(name and address)*:
      Robert F. Arentz / Lowell W. Finzon, Phillips & Associates, 20 East Thomas Road,
          Suite 2600, Phoenix, AZ 85012
      R. Scott LaSalle, Shook Hardy & Bacon, LLP, 5 Park Plaza, Suite 1600, Irvine, CA 92614

3. [ ] I served a copy of the Notice of Entry of Dismissal and Request for Dismissal by personally delivering copies to the person served as shown below:
   Name:                         Date:          Time:          Address:

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 3 , 2009

Mineeh P. Lapid
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF DECLARANT)

Page 1 of 1

**NOTICE OF ENTRY OF DISMISSAL
AND PROOF OF SERVICE**

Legal
Solutions
Plus

Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390

CIV-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Robert F. Arentz<br>Robert F. Arentz, SBN 114159<br>PHILLIPS & ASSOCIATES<br>3030 North Third Street, Suite 1100<br>Phoenix, Arizona 85012<br><br>TELEPHONE NO.: (602) 258-8900  FAX NO. (Optional): (602) 288-1671<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Attorneys for Plaintiffs DEBRA BROUSSARD<br>and ROBERT BROUSSARD | FOR COURT USE ONLY<br><br>ORIGINAL FILED<br>LOS ANGELES SUPERIOR COURT<br><br>NOV 23 2009<br><br>John A. Clarke, Clerk<br>By R. Villagonzalo, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: NORTHWEST DISTRICT

PLAINTIFF/PETITIONER: DEBRA BROUSSARD and ROBERT BROUSSARD

DEFENDANT/RESPONDENT: CALDERA MEDICAL, INC., et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| [X] Personal Injury, Property Damage, or Wrongful Death<br>  [ ] Motor Vehicle [ ] Other<br>[ ] Family Law [ ] Eminent Domain<br>[X] Other (specify): Product liability | LC085621 |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
  a. (1) [ ] With prejudice (2) [X] Without prejudice
  b. (1) [ ] Complaint (2) [ ] Petition
    (3) [ ] Cross-complaint filed by (name):                on (date):
    (4) [ ] Cross-complaint filed by (name):                on (date):
    (5) [ ] Entire action of all parties and all causes of action
    (6) [X] Other (specify):* Complaint against defendant Caldera Medical, Inc. only.

2. (Complete in all cases except family law cases.)
  [ ] Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).

Date: November 23, 2009

Robert F. Arentz ..........................................
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

▶ (SIGNATURE)
Attorney or party without attorney for DEBRA BROUSSARD and ROBERT BROUSSARD
[X] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross - complainant

*If dismissal requested is of specified parties only or specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
  Date:

_____
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

▶ (SIGNATURE)
Attorney or party without attorney for:

[ ] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross - Complainant

** If a cross-complaint -- or Response (Family Law) seeking affirmative relief -- is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

(To be completed by clerk)
4. [ ] Dismissal entered as requested on (date):
5. [X] Dismissal entered on (date): NOV 23 2009 as to only (name): AS ABOVE
6. [ ] Dismissal not entered as requested for the following reasons (specify): NOV 23 2009
7. a. [X] Attorney or party without attorney notified on (date): NOV 23 2009
  b. [ ] Attorney or party without attorney not notified. Filing party failed to provide,
    [ ] a copy to be conformed [ ] means to return conformed copy

Date NOV 23 2009    Clerk, by R. Villagonzalo , Deputy
JOHN A. CLARKE

Page 1 of 2

| | |
|---|---|
| Form Adopted for Mandatory use<br>Judicial Council of California<br>CIV-110 (Rev. July 1, 2009) | REQUEST FOR DISMISSAL | Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390 |

Legal Solutions Plus

CIV-110

| PLAINTIFF/PETITIONER: DEBRA BROUSSARD and ROBERT BROUSSARD | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CALDERA MEDICAL, INC., et al. | LC085621 |

### Declaration Concerning Waived Court Fees

> The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name):* Not applicable

2. The person in item 1 *(check one):*
   a. ☐ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):*  ☐ Yes  ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: November 23rd, 2009

Robert F. Arentz, Esg.
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ _____
(SIGNATURE)

*Debra & Robert Broussard v. Caldera Medical, Inc., et al.*
Los Angeles County Superior Court, Northwest District
Case No. LC 0875621

## PROOF OF SERVICE

1

2    I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 1055 West Seventh Street, 24th Floor, Los Angeles, California

3    90017.

4    On November 23, 2009, I served the foregoing document, described as **"REQUEST FOR DISMISSAL (COMPLAINT AGAINST DEFENDANT CALDERA MEDICAL, INC.)"** on the

5    interested parties in this action by placing ☐ the original ☒ a true copy of enclosed in separate sealed

6    envelopes to the following addresses:

7    Robert F. Arentz, Esq.                          R. Scott LaSalle, Esq.

8    Lowell W. Finzon, Esq.                          SHOOK, HARDY & BACON, L.L.P.
     lowellf@phillipslaw.ws                          Jamboree Center

9    PHILLIPS & ASSOCIATES                           5 Park Plaza, Suite 1600
     20 East Thomas Road, Suite 2600                 Irvine, CA 92614-8502

10   Phoenix, AZ 85012                               Tel: (949) 475-1500 / Fax: (949) 475-0016
     Tel: (602) 258-8900 / Fax: (602) 288-1671       *Attorneys for Defendant C.R. BARD, INC.*

11   *Attorneys for Plaintiffs DEBRA BROUSSARD and*
     *ROBERT BROUSSARD*

12

13   ☒ **BY U.S. MAIL**  I deposited such envelope in the mail at Los Angeles, California. The

14   envelopes were mailed with postage thereon fully prepaid.

     I am "readily familiar" with Morris Polich & Purdy LLP's practice of collection and processing
15   correspondence for mailing. Under that practice documents are deposited with the U.S. Postal Service on

16   the same day which is stated in this Proof of Service, with postage thereon fully prepaid at Los Angeles,
     California in the ordinary course of business. I am aware that on motion of the party served, service is

17   presumed invalid if postal cancellation date or postage meter date is more than one day after the date stated
     in this Proof of Service.

18
     ☐ **BY OVERNIGHT MAIL**  I am familiar with the firm's practice of collecting and processing
19   correspondence for delivery via Federal Express. Under that practice, it would be picked up by Federal

20   Express on that same day at Los Angeles, California and delivered to the parties as listed on this Proof of
     Service the following business morning.

21   ☐ **BY FACSIMILE** I caused the above-referenced document to be transmitted via facsimile from
     (213) 488-1178 to the parties as listed on this Proof of Service. The transmission was reported as complete

22   and without error.

23   I declare under penalty of perjury under the laws of the state of California, that the above is true and
     correct.

24
     Executed on November 23, 2009, at Los Angeles, California.
25

26

27                                                 Mineeh P. Lapid

28

L0185278

RECD JUN 2 2 2009    R S

1  SHOOK, HARDY & BACON L.L.P.
   R. Scott LaSalle (SBN: 188287)
2  Jamboree Center
   5 Park Plaza, Suite 1600
3  Irvine, California 92614-2546
   Telephone:  949.475.1500
4  Facsimile:  949.475.0016

5

6  Attorneys for Defendant C. R. Bard, Inc.

7

**ORIGINAL FILED**
**Northwest District**

JUN 19 2009

**LOS ANGELES**
**SUPERIOR COURT**

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        COUNTY OF LOS ANGELES, NORTHWEST DISTRICT

10

11 | DEBRA BROUSSARD and ROBERT       )  Case No. LC085621
      BROUSSARD, wife and husband,      )
12 |                                    )  Judge: Hon.
              Plaintiffs,               )  Dept:
13 |                                    )
              vs.                       )  **DEFENDANT C.R. BARD, INC.'S**
14 |                                    )  **ANSWER AND DEFENSES TO**
      CALDERA MEDICAL, INC., a California )  **PLAINTIFFS' COMPLAINT**
15 | corporation; C.R. BARD, INC. a New )
      Jersey corporation; DOES ONE through )  Complaint filed: May 21, 2009
16 | FIFTEEN,                           )
                                        )
17 |              Defendants.           )
                                        )
18 _____)

19

20        Defendant C. R. BARD, INC. ("Bard") answers Plaintiff's Complaint for Damages as

21 follows:

22                              **GENERAL DENIAL**

23        Under section 431.30 of the Code of Civil Procedure, Bard denies all of the

24 allegations in Plaintiffs' Complaint, and each cause of action. Bard further denies that

25 Plaintiffs sustained any damages.

26

27

28

DEFENDANT C. R. BARD, INC.'S ANSWER TO COMPLAINT

56678V1

## AFFIRMATIVE DEFENSES

Bard sets forth below its affirmative defenses to Plaintiffs' Complaint.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.    The plaintiffs' Complaint filed herein fails to state a claim or claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Third Party Proximate Cause)

2.    The sole proximate cause of the plaintiffs' damages, if any were sustained, was the negligence of a person or persons or entity for whose acts or omissions Bard was and is in no way liable.

### THIRD AFFIRMATIVE DEFENSE

(Assumption of Risk/Failure to Mitigate)

3.    If the plaintiffs have been damaged, which Bard denies, any recovery by the plaintiffs is barred to the extent Plaintiff Debra Broussard voluntarily exposed herself to a known risk and/or failed to mitigate her alleged damages.  To the extent the plaintiffs have failed to mitigate their alleged damages, any recovery shall not include alleged damages that could have been avoided by reasonable care and diligence.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Exercise Ordinary Care)

4.    Plaintiff Debra Broussard failed to exercise ordinary care for her own safety such that the plaintiffs are not entitled to recover.

### FIFTH AFFIRMATIVE DEFENSE

(Pre-existing Condition)

5.    The injuries and damages allegedly sustained by the plaintiffs may be due to the operation of nature or idiosyncratic reaction(s) and/or pre-existing condition(s) in the plaintiffs over which Bard had no control.

2

1

### SIXTH AFFIRMATIVE DEFENSE

2

(Statute of Limitations/Repose)

3    6.    The plaintiffs' causes of action may be barred by the applicable statute of

4    limitations and/or statute of repose.

5

### SEVENTH AFFIRMATIVE DEFENSE

6

(Laches/Waiver/Estoppel)

7    7.    The plaintiffs' claims are barred, in whole or in part, by the doctrines of laches,

8    waiver, and/or estoppel.

9

### EIGHTH AFFIRMATIVE DEFENSE

10

(Lack of Defect)

11    8.    There was no defect in the product at issue with the result that the plaintiffs are

12    not entitled to recover against Bard in this cause.

13

### NINTH AFFIRMATIVE DEFENSE

14

(Lack of Causation)

15    9.    There was no causal connection between any alleged defect in the product at

16    issue and plaintiffs' alleged damages with the result that plaintiffs are not entitled to recover

17    against Bard in this cause.

18

### TENTH AFFIRMATIVE DEFENSE

19

(Comparative Fault)

20    10.    If the plaintiffs have been damaged, which Bard denies, such damages were

21    caused by the negligence or fault of the plaintiffs.

22

### ELEVENTH AFFIRMATIVE DEFENSE

23

(Third Party Negligence)

24    11.    If the plaintiffs have been damaged, which Bard denies, such damages were

25    caused by the negligence or fault of persons and/or entities for whose conduct Bard is not

26    legally responsible.

27

28

3

56678v1

## TWELFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

12.    If the plaintiffs suffered any damages or injuries, which are denied, Bard states that the plaintiffs were guilty of comparative negligence and therefore any recovery should be reduced proportionately.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Proportionate Fault)

13.    In the further alternative, and only in the event that it is determined that the plaintiffs are entitled to recover against Bard, recovery should be reduced in proportion to the degree or percentage of negligence, fault or exposure to products attributable to the plaintiffs, any other defendants, third party defendants, or other persons, including any party immune because bankruptcy renders them immune from further litigation, as well as any party, co-defendant, or non-parties with whom the plaintiffs have settled or may settle in the future.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Cause of Plaintiffs)

14.    If the plaintiffs have been damaged, which Bard denies, the negligence or fault of the plaintiffs constitutes the sole, intervening, and superseding cause of the plaintiffs' alleged damages.

## SIXTEENTH DEFENSE

### (Intervening/Superseding Cause of Third Parties)

15.    If the plaintiffs have been damaged, which Bard denies, the negligence or fault of persons and/or entities for whose conduct Bard is not legally responsible constitutes the sole, intervening, and superseding cause of the plaintiffs' alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Cause of Third Parties)

16.    If the plaintiffs have been damaged, which Bard denies, the actions of persons

4

56678v1

or entities for whose conduct Bard is not legally responsible and the independent knowledge of these persons or entities of the risks inherent in the use of the product and other independent causes, constitute an intervening and superseding cause of the plaintiffs' alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Intervening/Superseding Cause)

17.    If the plaintiffs have been damaged, which Bard denies, such damages were caused by unforeseeable, independent, intervening, and/or superseding events for which Bard is not legally responsible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Misuse/Modification of the Product)

18.    If the plaintiffs have been damaged, which Bard denies, such damages were caused by abuse, misuse, user error and/or modification of the product at issue for which Bard was and is in no way liable.

## NINETEENTH AFFIRMATIVE DEFENSE

(Lack of Warranty/Privity/Reliance)

19.    Bard made no warranties of any kind, express or implied, including any alleged implied warranty of merchantability or implied warranty of fitness for a particular purpose, or any representations of any nature whatsoever to the plaintiffs.  To the extent applicable, the plaintiffs' breach of warranty claims are barred by a lack of privity between the plaintiff sand Bard.  To the extent the plaintiff makes warranty claims, whether express or implied, the claims are barred or limited by any and all express conditions or disclaimers, by the plaintiffs' lack of reliance on any such warranties, and by waiver.

## TWENTIETH AFFIRMATIVE DEFENSE

(Product not used for its Ordinary Purpose)

20.    The plaintiffs' claims for breach of implied warranty must fail because the product was not used for its ordinary purpose.

5

56678v1

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2

(Lack of Notice of Warranty Claim)

3    21.    The plaintiffs' claim for breach of warranty is barred because the plaintiffs did

4  not first give notice of any alleged defect of the product to Bard.

5

## TWENTY-SECOND AFFIRMATIVE DEFENSE

6

(Lack of Breach of Duty to Warn)

7    22.    Bard neither had nor breached any alleged duty to warn with respect to the

8  product, with the result that the plaintiffs are not entitled to recover in this cause.

9

## TWENTY-THIRD AFFIRMATIVE DEFENSE

10

(Learned Intermediary)

11    23.    The plaintiffs' failure to warn claims are barred by virtue of the intervention of

12  the learned intermediary or intermediaries to whom Bard discharged its duties to warn.

13

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

14

(Federal Preemption)

15    24.    The conduct of Bard and the subject product at all times conformed with the

16  Federal Food, Drug and Cosmetic Act, and other pertinent federal statute and regulations.

17  Accordingly, the plaintiffs' claims are barred, in whole or in part, under the doctrine of

18  federal preemption, and granting the relief requested would impermissibly infringe upon and

19  conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of

20  the United States Constitution.

21

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

22

(Intervening/Superseding Cause)

23    25.    The plaintiffs' alleged damages resulted from independent, unforeseeable,

24  superseding, and/or intervening causes unrelated to any conduct of Bard.

25

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26

(Contribution/Indemnity)

27    26.    If the plaintiffs recover from Bard, Bard is entitled to contribution, set-off,

28

DEFENDANT C. R. BARD, INC.'S ANSWER TO COMPLAINT

56678v1

1  and/or indemnification, either in whole or in part, from all persons or entities whose

2  negligence or fault proximately caused or contributed to cause the plaintiffs' alleged

3  damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Release/Offset)

6    27.    The plaintiffs' claims are or may be barred, in whole or in part, to the extent

7  that the plaintiffs have released, settled with, entered into an accord and satisfaction, or

8  otherwise compromised their claims.  Bard is entitled to a set-off for the entire amount of

9  proceeds the plaintiffs have or may recover from all other sources.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Collateral Source)

12    28.    Should Bard be held liable to the plaintiffs, which liability is specifically

13  denied, Bard would be entitled to a setoff for the total of all amounts paid to the plaintiffs

14  from all collateral sources.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Restatement (Third) of Torts)

17    29.    Bard asserts any and all defenses, claims, credits, offsets, or remedies provided

18  by the Restatement (Third) of Torts and reserves the right to amend its Answer to file such

19  further pleadings as are necessary to preserve and assert such defenses, claims, credits,

20  offsets, or remedies.

### THIRTIETH AFFIRMATIVE DEFENSE

(Product was Reasonably Safe and Fit for its Intended Use)

23    30.    The product at issue is neither defective nor unreasonably dangerous because it

24  is a medical device falling within what is commonly known as Comment (j), Restatement

25  (Second) of Torts § 402A, and comparable provisions of the Restatement (Third) of Torts

26  (Products Liability), in that the product at issue was, at all times material to the plaintiffs'

27  Complaint, reasonably safe and reasonably fit for its intended use, and the warnings and

28

7

56678v1

1  instructions accompanying the product at the time of the occurrence or injuries alleged by the

2  plaintiffs ware legally adequate.

3  ### THIRTY-FIRST AFFIRMATIVE DEFENSE

4  (Conformance with State of Knowledge)

5      31.    The plaintiffs' claims are barred because the methods, standards, warnings, and

6  instructions used in manufacturing and/or marketing the product at issue conformed with the

7  generally recognized, reasonably available, and reliable state of knowledge when the product

8  was manufactured and marketed.

9  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

10  (Conformance with Industry Standards)

11      32.    The plaintiffs' claims are barred because the methods, standards, warnings, and

12  instructions used in manufacturing and/or marketing the product at issue conformed with

13  industry custom/usage standards and/or legislative/administrative/regulatory standards.

14  ### THIRTY-THIRD AFFIRMATIVE DEFENSE

15  (Conformance with Scientific/Technical Knowledge)

16      33.    The design complained of in the plaintiffs' Complaint, the alleged defects of

17  the product, and/or any alternative design claimed by the plaintiffs were not known and, in

18  light of the existing, reasonably-available scientific and technological knowledge, could not

19  have been known at the time the product at issue was designed, manufactured, and sold.

20  Any alleged alternative design was not scientifically or technologically feasible or

21  economically practical.

22  ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

23  (Uniform Commercial Code)

24      34.    Bard specifically pleads all affirmative defenses under the Uniform

25  Commercial Code ("UCC") now existing or which may arise in the future, including those

26  defenses provided by UCC §§ 2-607 and 2-709.

27

28

8

56678v1

1

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

2

(Lack of Malicious/Willful/Fraudulent Conduct)

3

     35.    No act or omission of Bard was malicious, willful, wanton, reckless, or grossly

4

negligent, and, therefore, any award of punitive damages is barred.

5

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

6

(Limitations on Enforceability of Punitive Damages)

7

     36.    To the extent the plaintiffs assert a demand for punitive damages, Bard

8

specifically incorporates by reference any and all standards of limitations regarding the

9

determination and/or enforceability of punitive damages awards that arose in the decisions of

10

*BMW of No. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman*

11

*Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.

12

Ct. 1513 (2003); and *Exxon Shipping Co. v. Baker*, No. 07-219, 2008 U.S. LEXIS 5263

13

(U.S. June 25, 2008) and their progeny as well as other similar cases under both federal and

14

state law.

15

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

16

(Constitutional Law)

17

     37.    To the extent that the plaintiffs assert a claim for punitive damages, that claim

18

is in contravention of the rights of Bard under the following constitutional provisions:

19

          a.    Plaintiff's claims for punitive or exemplary damages violate, and are

20

              therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth

21

              Amendments to the Constitution of the United States of America on grounds

22

              including the following:

23

                  (i)    it is a violation of the Due Process and Equal Protection Clauses

24

                        of the Fourteenth Amendment of the United States Constitution

25

                        to impose punitive damages, which are penal in nature, against a

26

                        civil defendant upon the plaintiffs' satisfying a burden of proof

27

28

9

1        which is less than the "beyond a reasonable doubt" burden of

2        proof required in criminal cases;

3   (ii)   the procedures pursuant to which punitive damages are awarded

4        may result in the award of joint and several judgments against

5        multiple defendants for different alleged acts of wrongdoing,

6        which infringes upon the Due Process and Equal Protection

7        Clauses of the Fourteenth Amendment of the United States

8        Constitution;

9  (iii)   the procedures to which punitive damages are awarded fail to

10       provide a reasonable limit on the amount of the award against

11       defendant, which thereby violates the Due Process Clause of the

12       Fourteenth Amendment of the United States Constitution;

13  (iv)   the procedures pursuant to which punitive damages are awarded

14       fail to provide specific standards for the amount of the award of

15       punitive damages which thereby violates the Due Process Clause

16       of the Fourteenth Amendment of the United States Constitution;

17  (v)   the procedures pursuant to which punitive damages are awarded

18       result in the imposition of different penalties for the same or

19       similar acts, and thus violate the Equal Protection Clause of the

20       Fourteenth Amendment of the United States Constitution;

21  (vi)   the procedures pursuant to which punitive damages are awarded

22       permit the imposition of punitive damages in excess of the

23       maximum criminal fine for the same or similar conduct, which

24       thereby infringes upon the Due Process Clause of the Fifth and

25       Fourteenth Amendments and the Equal Protection Clause of the

26       Fourteenth Amendment of the United States Constitution;

27  (vii)   the procedures pursuant to which punitive damages are awarded

28

56678v1

permit the imposition of excessive fines in violation of the Eighth

Amendment of the United States Constitution;

    (viii)   the award of punitive damages to the plaintiff in this action

would constitute a deprivation of property without due process of

law; and

    (ix)   the procedures pursuant to which punitive damages are awarded

permit the imposition of an excessive fine and penalty.

   b.   The plaintiffs' claims for punitive or exemplary damages violate and are,

therefore, barred by the provision of the Constitution of the State of California

on grounds including the following:

    (i)   it is a violation of the Due Process and Equal Protection Clauses

to impose punitive damages, which are penal in nature, against a

civil defendant upon the Plaintiffs satisfying a burden of proof

which is less than the "beyond a reasonable doubt" burden of

proof required in criminal cases;

    (ii)   the procedures pursuant to which punitive damages are awarded

may result in the award of joint and several judgments against

multiple defendants for different alleged acts of wrongdoing;

    (iii)   the procedures to which punitive damages are awarded fail to

provide a limit on the amount of the award against defendant;

    (iv)   the procedures pursuant to which punitive damages are awarded

fail to provide specific standards for the amount of the award of

punitive damages;

    (v)   the procedures pursuant to which punitive damages are awarded

result in the imposition of different penalties for the same or

similar acts;

    (vi)   the procedures pursuant to which punitive damages are awarded

11

permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

(vii)   the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

(viii)   the award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law; and

(ix)   the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Reservation of Additional Defenses)

38.    Bard intends to rely upon any additional affirmative defenses that become available during the course of investigation and/or discovery and reserves the right to amend its Answer to assert these defenses.

**WHEREFORE**, Bard states that the plaintiffs are not entitled to the relief demanded in the Complaint, and this Defendant, having fully answered, prays that this action against it be dismissed and that it be awarded its costs in defending this action and that it be granted such other and further relief as the Court deems just and appropriate.

## REQUEST FOR JURY TRIAL

Bard seeks a trial by jury on all issues so triable.

Dated: June 19, 2009

SHOOK, HARDY & BACON, LLP

By:_____

R. Scott LaSalle
Attorneys for Defendant C. R. BARD, INC.

12

DEFENDANT C. R. BARD, INC.'S ANSWER TO COMPLAINT

56678v1

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1600, Irvine, California 92614.

On June 19, 2009, I served on the interested parties in said action the within:

## DEFENDANT C.R. BARD, INC.'S ANSWER AND DEFENSES
## TO PLAINTIFFS' COMPLAINT

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list.

☒ (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ (FAX) I caused such document(s) to be served via facsimile on the interested parties at their facsimile numbers listed above. The facsimile numbers used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a report of the transmission, a copy of which is attached to the original of this declaration.

☐ (HAND DELIVERY) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered by hand to the addressee(s) designated.

☐ (BY FEDERAL EXPRESS, AN OVERNIGHT DELIVERY SERVICE) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered to the FEDERAL EXPRESS Service Center, on _____, to be delivered by their next business day delivery service on _____, to the addressee designated.

☐ (BY ELECTRONIC SERVICE) By electronically mailing a true and correct copy through Shook, Hardy & Bacon L.L.P.'s electronic mail system to the e-mail address(es) as stated on the attached service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 19, 2009, at Irvine, California.

| | |
|---|---|
| _____ | _____ |
| Gail T. Hill | *(Signature)* |
| (Type or print name) | |

56926v1

1

2

### SERVICE LIST

3    Robert F. Arentz, Esq.
Lowell W. Finson, Esq.

4    Phillips & Associates
3030 N. Third St., #1100

5    Phoenix, AZ  85012

6

7    Tel:  602-258-8900
Fax:  602-288-1671

8    Email:  lowellf@phillipslaw.ws
**Attorneys for Plaintiffs**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

56926v1

1

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1600, Irvine, California 92614.

On December 14, 2009 I served on the interested parties in said action the within:

**NOTICE OF REMOVAL OF ACTION BY C. R. BARD, INC.**

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list.

☒  (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐  (FAX) I caused such document(s) to be served via facsimile on the interested parties at their facsimile numbers listed above. The facsimile numbers used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a report of the transmission, a copy of which is attached to the original of this declaration.

☐  (HAND DELIVERY) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered by hand to the addressee(s) designated.

☐  (BY FEDERAL EXPRESS, AN OVERNIGHT DELIVERY SERVICE) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered to the FEDERAL EXPRESS Service Center, and for such envelope(s) to be delivered by their next business day delivery service to the addressee designated.

☒  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 14, 2009, at Irvine, California.

_____
Kim Brunton
(Type or print name)

_____
(Signature)

1

## SERVICE LIST

2

Robert F. Arentz, Esq.
3   Lowell W. Finson, Esq.
Phillips & Associates
4   20 East Thomas Road, Suite 2600
Phoenix, AZ  85012
5

6   Tel:  602-258-8900
Fax:  602-288-1671
7   Email:  lowellf@phillipslaw.ws
8   **Attorneys for Plaintiffs**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24242v1

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DEBRA BROUSSARD and ROBERT BROUSSARD

**DEFENDANTS**
CALDERA MEDICAL, INC., C. R. BARD, INC. and DOES ONE through FIFTEEN

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert F. Arentz
Lowell W. Finson
Phillips & Associates
3030 North Third Street, Suite 1100
Phoenix, Arizona 85012
602-258-8900

Attorneys (If Known)
Scott LaSalle (SBN: 188287)
SHOOK, HARDY & BACON, L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
949-475-1500

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No ☒ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☒ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: **CV09-9153 DDP(EX)**
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2
CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Louisiana |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Jersey |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date 12-14-09

Scott LaSalle

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

## PROOF OF SERVICE

2        I am employed in the County of Orange, State of California. I am over the age of 18

3    and not a party to the within action. My business address is 5 Park Plaza, Suite 1600, Irvine, California 92614.

4        On December 14, 2009 I served on the interested parties in said action the within:

5                        **CIVIL CASE COVERSHEET**

6    by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached

7    mailing list.

8    ☒    (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal

9    service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more

10    than 1 day after date of deposit for mailing in affidavit.

11    ☐    (FAX) I caused such document(s) to be served via facsimile on the interested parties at their facsimile numbers listed above. The facsimile numbers used complied with California Rules of

12    Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a report of the transmission, a copy of which

13    is attached to the original of this declaration.

14    ☐    (HAND DELIVERY) By placing a true and correct copy of the above document(s) in a sealed envelope as indicated above and causing such envelope(s) to be delivered by hand to

15    the addressee(s) designated.

16    ☐    (BY FEDERAL EXPRESS, AN OVERNIGHT DELIVERY SERVICE) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and

17    causing such envelope(s) to be delivered to the FEDERAL EXPRESS Service Center, and for such envelope(s) to be delivered by their next business day delivery service to the addressee

18    designated.

19    ☒    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20

21        Executed on December 14, 2009, at Irvine, California.

22

23    ————————————————        ——————————————————
           Kim Brunton

24          (Type or print name)               (Signature)

25

26

27

28

24242v1

1

<u>**SERVICE LIST**</u>

2

3

Robert F. Arentz, Esq.
Lowell W. Finson, Esq.
Phillips & Associates

4

5

20 East Thomas Road, Suite 2600
Phoenix, AZ  85012

6

7

Tel:  602-258-8900
Fax:  602-288-1671
Email:  lowellf@phillipslaw.ws

8

**Attorneys for Plaintiffs**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24242v1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV09- 9153 DDP (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY